# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JANET GRAVES, surviving widow and )
next of kin of NATHAN GRAVES, )
                             Plaintiff, )
v. )
                                         )   No. CIV-19-60-SLP
PENNSYLVANIA MANUFACTURERS' )
INDEMNITY CO., and AMERICAN )
CLAIMS MANAGEMENT, INC., )
                            Defendants. )

## DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT WITNESS DEBORAH RANKIN

The defendants, Pennsylvania Manufacturers' Indemnity Company ("PMA") and American Claims Management, Inc. ("ACM") (collectively the "Insurance Defendants"), respectfully move this Court, pursuant to Fed. R. Evid. 104, 403, and 702, and the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 759 (1993), to exclude the testimony of Plaintiffs' proffered expert witness Deborah Rankin.

### INTRODUCTION AND SUMMARY

Officer Nathan Graves was killed in an automobile accident in January of 2017 while on duty as a police officer for the Sac and Fox Nation. Another driver, Justin Henley, was primarily responsible. Ofc. Graves' widow—plaintiff in this case—made a claim for uninsured/underinsured motorist ("UM") coverage under a commercial policy issued by PMA to the Sac and Fox Nation. The policy limit of $1 million has been paid, and no offer was ever made to Mrs. Graves for less than the full policy limit. None of these underlying facts are in dispute. The sole allegations against the Insurance

Defendants is that the limits payment was "unreasonably delayed" and that their investigation was "inadequate" under Oklahoma law.

Mrs. Graves has offered the expert testimony of Deborah Rankin, an individual whose report indicates an extensive career with State Farm, but a lack of experience as an expert witness. (Doc. 15-1).[1] Ms. Rankins is not a lawyer, but her CV identifies as a qualification "jurisdictional knowledge of Oklahoma law" and her report attaches a summary of Oklahoma bad faith cases and portions of the Oklahoma Unfair Claims Settlement Practices Act. Her report ultimately offers the opinion that "ACM's handling of this case is far below the required standard of good fair [sic] and fair dealing outlined in Oklahoma Law." (Ex. 1, at 15 (Rankin Report)).

The subject matter and opinions offered by Ms. Rankin are precisely the type of "expert" testimony which this Court excluded in *Galbraith v. State Farm Fire and Casualty Co.*, No. CIV-16-1227-SLP, 2018 WL 8343825 (July 20, 2018) (Palk, J.). In *Galbraith*, this Court correctly held that "juries are capable, with proper legal instructions from the Court, of evaluating whether an insurer acted in bad faith sans expert witness testimony regarding insurance-claims-handling standards and the reasonableness of a particular insurer's actions" and that the testimony therefore failed the "relevance" requirement of Fed. R. Evid. 702 and *Daubert*. Ms. Rankin proposes to provide identical testimony and should be excluded in this case for the same reason.

---

[1] Ms. Rankin's report is attached for convenience as Exhibit 1.

**STANDARD OF REVIEW**

The standards for admissibility for expert witness testimony are governed by Fed. R. Evid. 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The rule requires the court to play a two-part "gatekeeping role." *Galbraith*, at *2 (citing *Daubert*, 509 U.S. at 597)). First, the court must determine whether the expert witness is qualified. *Id*. (citing *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc)). Second, if qualified, the Court must determine whether the witnesses' opinion is reliable and relevant such that it would assist the trier of fact. *Id*. Where, as here, the proffered testimony is not necessarily scientific in nature, but instead based on industry experience, the same standards apply. *Id*. (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141, 149 (1999)).

With respect to the second part of the analysis, relevance is key. "The relevance prong requires that the proposed testimony be sufficiently 'relevant to the task at hand," and that any proffered testimony 'assist the trier of fact to understand or to determine a

fact in issue.'" *Higgins v. State Auto Property & Casualty Ins. Co.*, No. 11-CV-90-JHP-TLW, 2012 WL 2369007, * 2 (N.D. Okla. June 21, 2012) (citing *Daubert*, 509 U.S. at 592-93)). The Tenth Circuit has made clear that the "touchstone of admissibility is helpfulness to the trier of fact.'" *Id*. (*citing, inter alia*, *Thompson v. State Farm Fire and Cas. Co.,* 34 F.3d 932, 941 (10th Cir. 1994)). Importantly, the proponent of the testimony—in this case the plaintiff—"bears the burden of establishing its admissibility." *Galbraith*, at *2 (citing *Nacchio*, 555 F.3d at 1241).

## ARGUMENT & AUTHORITIES

**I.    MS. RANKIN'S PROPOSED TESTIMONY IS NOT RELEVANT OR HELPFUL AND WOULD INVADE THE PROVINCE OF THE JURY.**

This Court's ruling in *Galbraith* is directly on point and should be applied here to exclude Ms. Rankin as an expert witness. In that case, the plaintiff-insured alleged breach of contract and bad faith concerning a homeowner's insurance claim—specifically a delay in payment to repair water damage. *Id*. at *1. The plaintiff offered as an expert witness Jack Dawson—an insurance attorney with 40 years of experience—to testify "regarding insurance-claims-handling practices and the reasonableness of Defendant's handling of Plaintiffs' insurance claim." *Id*. The following conclusion was rendered:

> [T]he Court finds that Mr. Dawson's proposed testimony does not meet the relevance prong of *Daubert* because it will not be helpful to the fact finder. As many courts have found, juries are capable, with proper legal instructions from the Court, of evaluating whether an insurer acted in bad faith sans expert witness testimony regarding insurance-claims-handling standards and the reasonableness of a particular insurer's actions. *See, e.g.*, *Hobbs v. Hartford Fire Ins. Co.*, 162 F.2d 576, 586-87 (10th Cir. 1998) (affirming district court's decision that "the jury was capable of determining the bad faith issue on its own"); *Thompson v. State Farm Fire*

> *& Cas. Co.*, 34 F.3d 932, 940 (10th Cir. 1994) (affirming exclusion of expert witness who would compare "State Farm's actions to the industry standard and the laws of the State of Oklahoma" because of "the jury's competence to deal with the bad faith issue on its own") (quotation marks omitted); *Am. Comm. Ins. Co. v. Harris*, No. CIV-07-423-SPS, 2009 WL 130225, at *1 (E.D. Okla. Jan. 16, 2009) (excluding testimony from an insurance adjuster because it would not assist the fact finder in understanding the evidence or determining a fact in issue and because the meaning of policy provisions was a matter for the court's determination); *cf. N. Am. Specialty Ins. Co. v. Britt Paulk Ins. Agency, Inc.*, 579 F.3d 1106, 1112 (10th Cir. 2009) (finding no abuse of discretion in excluding an expert witness who "would have compared the insurance company's actions to the industry standard" in a dispute between an insurer and its agent).

*Id*. at *2. It was further determined that "the ultimate question of whether Defendant's actions violated its duty of good faith and fair dealing is left to the jury, not to an expert witness" and for that reason the Court excluded the plaintiffs proffered expert. *Id*.

Also on point is *Higgins*—a case from the Northern District—where the plaintiff-insured alleged bad faith as part of a UM claim and offered expert testimony from Mort Welch, an insurance attorney, to testify "on issues of insurance company standards, claims handling, and Bad Faith." *Higgins*, at *2. Similar to this Court in *Galbraith*, the *Higgins* court excluded the testimony as irrelevant and unhelpful and further held:

> In addition to being unhelpful, Welch's opinion purports to answer the ultimate issue of fact in this case, impermissibly invading the fact-finding province of the jury. As the Court in the Eastern District of Oklahoma succinctly stated: [t]he jury in this case, equipped with appropriate instructions, will be perfectly capable of assessing Plaintiff's conduct for the purpose of determining whether or not Plaintiff ... breached their standard of care." When expert testimony is offered on an issue that a jury is capable of assessing for itself, that testimony may be held inadmissible "because it would not even marginally assist the trier of fact." Such is the case with the opinions of Mr. Welch. Consequently, the Court concludes that the whole of Welch's testimony is not relevant as it fails to assist the trier of fact in understanding and determining any fact in issue and it further

> impermissibly invades the Court's role in instructing the jury as to the applicable law and the jury's role in applying that law to the facts at hand. As it lacks relevance to this proceeding, Welch's testimony is inadmissible.

*Id*. (alterations in original) (citing *Sims v. Great American Life Ins. Co.,* 469 F.3d 870, 889 (10th Cir. 2006); *North American Specialty Ins. Co. v. Britt Paulk Ins. Agency, Inc.,* No. 06-CV-215-JHP, 2007 WL 2688167, *3 (E.D. Okla., Sept. 10, 2007); *Thompson*, 34 F.3d at 941).

The issues in *Galbraith* (alleged delay in payment) and *Higgins* (alleged bad faith in UM claim handling) are identical here, and Ms. Rankin's proposed testimony is identical to that which was excluded in those cases. She is not a lawyer but premises her opinions on knowledge and interpretations of Oklahoma insurance law. Her CV includes a section titled "Jurisdictional Knowledge of Oklahoma Law" and states as qualifications:

- through handling of first party and litigation claims, attending depositions, mediations, arbitrations, internal instruction and working extensively with defense counsel, developed an understanding of Oklahoma law dealing with UM and the proper application of the law to claims.

- handled the most complex litigation claims with defense counsel.

(Ex. A, at 18-19).

In support of her opinions, Ms. Rankin's report includes a two-page attachment titled "Law Summary" which lists and summarizes several Oklahoma UM cases. (Ex. 1, at 48-49). An additional attachment to her expert report is a printed copy of Okla. Stat. tit. 36, §§ 1250.5 and 1250.7, which are excerpts from the Oklahoma Unfair Claims Settlement Practices Act. (Ex. 1, at 50-52). Her report makes nearly a dozen references to "Oklahoma law" and opines in several manners on Oklahoma law, including, for

example, that the Insurance Defendants' investigation, in her opinion, "is not consistent with Oklahoma law[.]" (Ex. 1, at 12).

The expert's proposed legal commentary in *Higgins* was precisely why it was excluded. The court held that the report was nothing more than an "opinionated view of Oklahoma insurance law" which was "more akin to an *amicus* brief or law review note[.]" *Id*. at *2. The court further held that discussion of the expert's opinion on Oklahoma insurance law to the jury "would be both unhelpful and inappropriate, as any such presentation would likely lead to confusion and would ultimately subvert the role of the Court as the sole judge of the law applicable to a given case." *Id*. Ms. Rankin's testimony is identical and should be excluded for the same reasons.

Ms. Rankin's attachment of the Oklahoma Unfair Claims Settlement Practices Act further disqualifies her as an expert and evidences a lack of understanding of bad faith law in Oklahoma—a topic on which she represents herself as an expert. The Tenth Circuit has expressly recognized—and repeatedly affirmed—that the Act does not provide a private right of action and that it does not provide the relevant standards in interpreting an insurer's duty of good faith and fair dealing. *See, inter alia, Thompson*, 34 F.3d at 939; *see also Dennis v. Progressive Northern Ins. Co.*, No. CIV-17-182-SLP, 2018 WL 4871039, *2-3 (W.D. Okla. Apr. 9, 2018) (excluding reference to the Act because it does not set forth bad faith standards). In *Thompson*, the plaintiff-insured sought to introduce expert testimony on the Act "so that the jury would be able to compare [the insurer's] actions to the industry standard and the laws of the State of

Oklahoma." *Id.* at 941. The court affirmed exclusion of this testimony as irrelevant and unhelpful because a jury is capable of evaluating bad faith under proper instruction.[2] *Id.*

The final—and fatal—flaw to Ms. Rankin's report is her ultimate opinion that "ACM's handling of this case is far below the required standard of good faith and fair dealing outlined in Oklahoma Law." (Ex. 1, at 15). The "standard," of course, is whether the Insurance Defendants' actions were "unreasonable under the circumstances" and this is precisely the question for the jury to determine. Okla. Unif. Jury Instr. 22.3. As in *Galbraith* and *Higgins*, Ms. Rankin's repeated comments on what she deems to be "reasonable" or "unreasonable" is a textbook example of "impermissibly invading the fact-finding province of the jury." *Higgins*, at *2. "[J]urors may properly be viewed as capable of evaluating good and bad faith (just as they regularly determine what constitutes the conduct of a 'reasonable' person) by bringing their own common sense and life experience to bear[.]" *Thompson*, 34 F.3d at 939.

Ms. Rankin's opinions are nothing more than a subjective suggestion to the jury that they should decide in favor of the plaintiff. Oklahoma law is directly on point that this testimony under the guise of an "expert" witness is irrelevant, unhelpful, and improperly invades the province of the jury. Ms. Rankin should therefore be excluded.

**II.   MS. RANKIN'S REPORT DOES NOT ESTABLISH THAT SHE IS QUALIFIED AND HER OPINIONS ARE OTHERWISE UNRELIABLE.**

As in *Galbraith*, the Court need not evaluate Mrs. Rankin's qualifications or the

---

[2]   Ms. Rankin's report also includes attempts to compare the Insurance Defendants' conduct to "industry standards" without a direct reference to Oklahoma law; this too was deemed irrelevant and unhelpful in *Galbraith* and *Higgins*.

reliability of her opinions because she can—and should—be excluded solely for the irrelevance of her opinions and improper invasion on the province of the jury. But she can be excluded for additional reasons, including that her report does not establish her qualifications as an expert witness and her opinions are otherwise unreliable.

First, as to her qualifications, Ms. Rankin is not an attorney but opines extensively on Oklahoma insurance law—including a summary of bad faith cases and commentary concerning the Oklahoma Unfair Claims Settlement Practices Act. In *Galbraith* and *Higgins*, experienced insurance attorneys were excluded for commenting on Oklahoma law as expert witnesses. A non-attorney such as Ms. Rankin may have an understanding of the applicable law, but there is no reason to believe that she is any more qualified to comment on Oklahoma insurance law as the Court or the parties' counsel, nor is there any indication that she holds any specific legal expertise which the Court or counsel is lacking. And in any event, she is no more qualified to comment on Oklahoma insurance law that the experienced attorneys who were excluded in *Galbraith* and *Higgins*.

Her citation to the Oklahoma Unfair Claims Settlement Act confirms her lack of expertise on Oklahoma bad faith law. As discussed in more detail above, the Tenth Circuit has expressly recognized and repeatedly affirmed that the Act does not provide a private right of action and that it does not provide relevant bad faith standards in Oklahoma law. *See Thompson*, 34 F.3d at 939; *Dennis*, at *2-3. By including in her report legal standards which have repeatedly been held as inadmissible and irrelevant, Ms. Rankin does not appear to be qualified to opine as an expert on Oklahoma bad faith law.

9

Ms. Rankin's report also includes several indications of unreliability, including that she often fails to acknowledge all relevant facts or states them inaccurately or out of context. For example, her report provides a timeline of events which ends September 5, 2018, and therefore fails to acknowledge the events between that date and January of 2019, when the limits were paid pursuant to an agreement among Mrs. Graves' family members. (Ex. 1, at 8). Ms. Rankin's report, in fact, does not mention at all the key fact that the limits were paid, and that correspondences between counsel prior to payment included a discussion of heirs who were entitled to recover under the Oklahoma wrongful death statute.[3] To exclude such key facts as payment, correspondences between counsel, and the agreements on which the limits were paid, renders Ms. Rankins opinions wholly unreliable, inaccurate, incomplete, and, at best, misleading.

Another example of unreliability is Ms. Rankin's discussion of the Insurance Defendants' waiver of subrogation after receiving written notice that the tortfeasor's liability carrier had offered to pay its $100,000 limit. Ms. Rankin states that this waiver occurred 5 months after notice, which would be more than 60-days set forth in the Oklahoma UM statute. (Ex. 1, at 12). This selectively ignores that on May 25, 2018, at the end of the 60-day statutory window, the Insurance Defendants tried to substitute payment of that limit and preserve subrogation, but needed instructions on how to make payment to ensure all family members who were entitled to proceeds were addressed.

---

[3] See Defendants' Motion for Summary Judgment and Opening Brief in Support (Doc. 21).

(See Doc. 21). Failing to acknowledge all relevant facts in context is contrary to the requirement of Fed. R. Evid. 702(d) that the expert "has reliably applied the principles and methods to the facts of the case."

Ms. Rankin's report also offers an opinion concerning the possibility of negligence by a third-party driver named Garrett Hunt. Ms. Rankin opines that "Hunt passed in a legal passing zone and therefore any liability case against him would be weak." (Ex. 1, at 10). However, the factual record which Ms. Rankin reviewed included an highway patrol report in which the case summary describes a statement from a witness who both Hunt and Henley passed just prior to the accident which states that this witness' description "would place both HUNT and HENLEY in the no passing zone as they passed him." (Doc. 20-3). The same file included an affidavit from the responding officer in which he states under oath that Mr. Hunt "was also passing in the same no passing zone." (Id.). Stating the opposite significantly undermines the reliability of her report and proposed testimony because it fails to properly consider all relevant facts of the case in context.

Contradictions with her own report further undermine the reliability of her opinions. For example, she states that "[n]o mention was made of the Wrongful Death Statute in Oklahoma, which should have been the basis for evaluating this claim" but also acknowledges that a letter from ACM's counsel included a direct statement that "valuation of wrongful death claims can be difficult." (Ex. 1, at 12, 14). She also fails to acknowledge that counsel's letters cited repeatedly to *Forbes* v. *Shelter Mut. Ins. Co.*, 904 P.2d 159 (Okla. Civ. App. 1995), a case which directly held that the standard for

determining compensability of a UM claim involving death is the wrongful death statute. (See Doc. 20). Ms. Rankin's omission of this is yet another example of incomplete and misleading statements which undermines the reliability of her opinions.

Finally, a key part of Ms. Rankin's report is her criticism regarding the lack of direct interviews by the Insurance Defendants with responding highway patrol officers. However, in *McGill v. State Farm Mut. Auto. Ins. Co.*, No. CIV-11-654-W, 2012 WL 12862820, *3 (W.D. Okla. Aug. 23, 2012), Ms. Rankin was a claims adjuster who *denied* a UM claim *without interviewing the police officer* based on her determination that the UM insured was negligent—she instead relied solely on the police officer's report. In this case, Ms. Rankin acknowledges that the Insurance Defendants relied on the highway patrol officers' report and never questioned whether Ofc. Graves was contributorily negligent. (Ex. 1, at 4). Her opinion is unreliable, because in a prior case she believed reliance on a police report was sufficient to *deny* coverage where liability was *disputed*, but here claims that reliance on a police report is *in*sufficient in *accepting* coverage where liability is *un*disputed. These positions are incongruent and significantly undermine the reliability of Ms. Rankin's proposed testimony on the relevant facts.

These flaws disqualify Ms. Rankin as an expert witness for lack of qualification and/or lack of reliability in her opinions for failure to consider and apply all relevant facts in context. Thus, she can be excluded not only for lack of relevance and invading the province of the jury, but also for lack of qualification and lack of reliability.

## CONCLUSION

FOR THE FOREGOING REASONS Ms. Rankin should be excluded as an expert witness in this case under Fed. R. Evid. 702 and *Daubert*.

>
> Respectfully submitted,
>
> s/ Daniel E. Gomez
> Daniel E. Gomez, OBA No. 22153
> CONNER & WINTERS, LLP
> 4000 One Williams Center
> Tulsa, OK  74172-0148
> Phone: (918) 586-8984
> Fax: (918) 586-8311
> Email: dgomez@cwlaw.com
>
> *Attorney for Defendants, Pennsylvania Manufacturers Indemnity Co. and American Claims Management, Inc.*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on this the 3rd day of September, 2019, the foregoing document was filed with the Clerk of Court using the Court's CM/ECF system and that, based on the records currently on file, the Clerk of Court will transmit Notice of Electronic Filing to the following ECF registrants:

    Howard K. Berry, III, Esq.
    V. Ronald Frangione, Esq.

                                             s/ Daniel E. Gomez
                                             Daniel E. Gomez