## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JANET GRAVES, surviving widow and ) 
next of kin of NATHAN GRAVES, )  
               Plaintiff, )  
v. )    Case No. CIV-19-60-SLP  
                     )  
PENNSYLVANIA MANUFACTURERS' )  
INDEMNITY CO. & AMERICAN )  
CLAIMS MANAGEMENT, INC., )  
                     )  
               Defendant. )

## PLAINTIFF'S PROPOSED
## JURY INSTRUCTIONS

Howard K. Berry, III, OBA #754  
The Berry Law Firm  
P.O. Box 892516  
Oklahoma City, OK  73189-2516  
Phone:  405-524-1040  
Fax:  405-524-0108  
E-mail:  hkb3@coxinet.net  
***Attorney for Plaintiff***

September _____, 2019

Instruction No. _____

## CAUSE OF ACTION MAY BE BROUGHT BY WIDOW OR NEXT OF KIN

Oklahoma Law provides that if no personal representative has been appointed as a result of the death of an Oklahoma resident, an action to collect for the damages suffered by the family of the deceased may be brought by the widow of the deceased.  No personal representative is required.

12 O.S. § 1054

Instruction No. _____

**DAMAGES RECOVERABLE IN CAUSE OF ACTION
BROUGHT BY WIDOW OR NEXT OF KIN**

Under Oklahoma Law, the damages recoverable for wrongful death are as follows:

1.  Medical and burial expenses;

2.  The loss of consortium and the grief of the surviving spouse;

3.  The mental pain and anguish suffered by the decedent;

4.  The pecuniary loss to the survivors of the deceased based upon age, occupation, earning capacity, health habits, probably duration of his life;

5.  The grief and loss of companionship of the children of the deceased; and

6.  The grief and loss of companionship of the parents of the deceased.

12 O.S. § 1053

Instruction No. _____

**BURDEN OF PROOF – GREATER WEIGHT OF THE EVIDENCE**

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you. This is called "Burden of Proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression "if you find," or "if you decide", I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true.  The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim, or a party who raises an affirmative defense has the burden to prove all the elements of the claim or defense.  In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party or any other party.

**Instruction 3.1**

Instruction No. _____

### BURDEN OF PROOF- CLEAR AND CONVINCING EVIDENCE

When I say that a party has the burden of proving any proposition by clear and convincing evidence, I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.

**Instruction 3.2**

Instruction No. _____

## DETERMINING CREDIBILITY [BELIEVABILITY] OF WITNESS

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities for observation. Also consider the reasonableness and consistency or inconsistency of the testimony.

You should also consider the bias, prejudice, or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.

**Instruction 3.13**

Instruction No. _____

**VERDICT FORM, FOR PLAINTIFF, PUNITIVE DAMAGES (FIRST STAGE)**

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JANET GRAVES, surviving widow and next of kin of NATHAN GRAVES, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-19-60-SLP |
| | ) | |
| PENNSYLVANIA MANUFACTURERS' INDEMNITY CO. & AMERICAN CLAIMS MANAGEMENT, INC., | ) ) ) ) | |
| Defendant. | ) | |

**VERDICT FORM**

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find in favor of the Plaintiff, Janet Graves as follows:

1. The dollar amount of her actual damages is the sum of $ _____.

[2. We do ____ do not ____ (Check One) find by clear and convincing evidence that the Defendant, PMIC and/or ACM, recklessly disregarded its duty to deal fairly and act in good faith with its insured.

[3. We do ____ do not ____ (Check One) find by clear and convincing evidence that the Defendant, PMIC and/or ACM, intentionally and with malice breached its duty to deal fairly and act in good faith with its insured.

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

**Instruction No. 22.6**

Instruction No._____

**EXEMPLARY OR PUNITIVE DAMAGES – FIRST STAGE**

If you find in favor of Plaintiff Janet Graves, and grant her actual damages, then you must also find by separate verdict, whether Defendants have recklessly disregarded its duty to deal fairly and act in good faith with its insured, Plaintiff Janet Graves.  And/or intentionally and with malice breached its duty to deal fairly and act in good faith with its insured, Plaintiff Janet Graves.

Plaintiff Janet Graves has the burden of proving this by clear and convincing evidence.  By that I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.

Defendants recklessly disregarded its duty to deal fairly and act in good faith with its insured if Defendants were either award, or did not care, that there was a substantial and unnecessary risk that its conduct would cause serious injury to Plaintiff.  In order for Defendants to have recklessly disregarded its duty to deal fairly and act in good faith with its insured, its conduct must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to Plaintiff.

Malice involves either hatred, spite, or ill-will, or else the doing of a wrongful act intentionally without just cause or excuse.  If you find that Defendants recklessly disregarded its duty to deal fairly and act in good faith with its insured or intentionally and with malice breached its duty to deal fairly and act in good faith with its insured, you may award punitive damages against Defendants in a later part of this trial.  If you find that Defendants did not recklessly disregard its duty to deal fairly and act in good faith

with its insured or intentionally and with malice breached its duty to deal fairly and act in good faith with its insured, you may not award punitive damages against Defendants.

**Instruction No. 22.5**

Instruction No. _____

**EXEMPLARY OR PUNITIVE DAMAGES - SECOND STAGE**

Ladies and Gentlemen of the jury, you have found in favor of the Plaintiff Janet Graves and granted her actual damages, and you have also found by a separate verdict that the Defendant(s) have acted with reckless disregarded its duty to deal fairly and act in good faith with its insured, Plaintiff Janet Graves and/or acted intentionally and with malice breached its duty to deal fairly and act in good faith with its insured, Plaintiff Janet Graves.

You may now, in addition to actual damages, grant the Plaintiff punitive damages in such sum as you reasonably believe will punish Defendants and be an example to others.

Punitive damages are not to be considered as compensation to Plaintiff Janet Graves, but as punishment to Defendant(s), and as an example to others to deter them from like conduct. The law does not require you to award punitive damages, and if you do so, you must use sound reason in setting the amount. You should be aware that the purpose of punitive damages is to punish and not to destroy a defendant.

**[You may consider evidence of actual harm to others in determining the seriousness of the hazard to the public, and thus whether the conduct that harmed the Plaintiff was particularly reprehensible or bad. Conduct that risks harm to many may be more reprehensible than conduct that risks harm to only a few. However, you may not use punitive damages to punish Defendant(s) PMIC/ACM directly on account of**

**harms that Defendant(s) PMIC/ACM may have caused to others.]** In determining the amount of punitive damages, you may consider the following factors:

1. The seriousness of the hazard to the public arising from **Defendant(s)** misconduct;

2. The profitability of the misconduct to **Defendant(s)**;

3. How long the conduct lasted and whether it is likely to continue;

4. Whether there were attempts to conceal the misconduct;

5. How aware **Defendant(s)** was of the conduct and its consequences and how aware **Defendant(s)** was of the hazard and of its excessiveness;

6. The attitude and conduct of **Defendant(s)** upon finding out about the **misconduct/hazard**;

7. The financial condition of **Defendant(s)**;

8. **(If the defendant is a corporation or other entity)** The number and level of employees involved in causing or concealing the misconduct.

In no event should the punitive damages exceed the greater of: **(Select One)**

**[$100,000.00 or the amount of actual damages you have previously awarded]**.

**OR**

**[$500,000.00, or twice the amount of actual damages you have previously awarded, or the increased financial benefit derived by the defendant as a direct result of the conduct causing the injury to the plaintiff and other persons or entities]**.

**Instruction No. 22.7**

Instruction No. _____

VERDICT FORM, FOR PLAINTIFF, PUNITIVE DAMAGES, SECOND STAGE

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JANET GRAVES, surviving widow and next of kin of NATHAN GRAVES, | ) ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-19-60-SLP |
| | ) | |
| PENNSYLVANIA MANUFACTURERS' INDEMNITY CO. & AMERICAN CLAIMS MANAGEMENT, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## VERDICT FORM- PUNITIVE DAMAGES, SECOND STAGE

We, the jury, empaneled and sworn in the above entitled cause, do, upon our

oaths, find in favor of the Plaintiff, Janet Graves, and fix the dollar amount of punitive

damages in the sum of $ _____.

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

**Instruction No. 5.10**

Instruction No. _____

**PRINCIPAL AND AGENT OR EMPLOYER AND EMPLOYEE- ONLY PRINCIPAL OR EMPLOYER SUED- NO ISSUE AS TO RELATIONSHIP- ACTS OF AGENT OR EMPLOYEE AS ACTS OF PRINCIPAL OR EMPLOYER**

Terry Leikam, Dave Matthiessen, Daniel Gomez and everyone that worked in the Graves Claim File were the Agents/Employees of Pennsylvania Manufacturers Indemnity Company and/or American Claims Management, at and before the time of this occurrence. Therefore, an act or omission of Terry Leikam, Dave Matthiessen, Daniel Gomez and everyone that worked in the Graves Claim File was acting within the scope of their authority and/or employment at the time was in law the act or omission of Pennsylvania Manufacturers Indemnity Company and/or American Claims Management.

**Instruction No. 7.2**

Instruction No. _____

### ACT OF CORPORATE OFFICER OR EMPLOYEE AS ACT OF CORPORATION

Pennsylvania Manufacturers Indemnity Company and/or American Claims Management is a corporation and can act only through its officers and employees. Any act or omission of an officer or employee while acting within the scope of his or her employment/authority is the act or omission of Pennsylvania Manufacturers Indemnity Company and/or American Claims Management.

**Instruction No. 7.7**

Instruction No. _____

**INTENTIONALLY AND WILLFUL DISREGARD- DEFINED**

Pennsylvania Manufacturers Indemnity Company and/or American Claims Management intentionally caused emotional distress to Janet Graves if it desired to cause such distress or knew that such distress was substantially certain to result from its conduct.

Pennsylvania Manufacturers Indemnity Company and/or American Claims Management recklessly caused emotional distress to Plaintiff Janet Graves if it knew there was a substantial probability that emotional distress to Janet Graves would result from its conduct, and it deliberately disregarded that probability.

**Instruction No. 20.2**

Instruction No. _____

**EMOTIONAL DISTRESS OR PAIN OR ANGUISH- DEFINED**

The term "emotional distress" means mental distress, mental pain and suffering, or mental anguish. It includes all highly unpleasant mental reactions, such as fright, horror, grief, humiliation, embarrassment, anger, chagrin, disappointment, and worry.

**Instruction No. 20.3**

Instruction No. _____

## INSURANCE COMPANY'S OBLIGATION OF GOOD FAITH AND FAIR DEALING

An insurance company has a duty to deal fairly and act in good faith with its insureds.

**Instruction No. 22.1**

Instruction No. _____

## BAD FAITH- FIRST PARTY INSURANCE- FAILURE TO PAY CLAIM OF INSURED

Plaintiff Janet Graves claims that PMIC violated its duty of good faith and fair dealing by unreasonably, and in bad faith, refusing to pay Ms. Graves the proper amount for a valid claim under the insurance policy. In order for Plaintiff Janet Graves to recover damages in this case, she must show by the greater weight of the evidence that:

1. PMIC was required under the insurance policy to pay Plaintiff Janet Graves's claim;

2. The Insurer, PMIC's refusal to pay the claim in full was unreasonable under the circumstances, because a.) it did not perform a proper investigation, b.) it did not evaluate the results of the investigation properly, c.) it had no reasonable basis for the refusal, or d.) the amount it offered to satisfy the claim was unreasonably low;

3. The Insurer, PMIC, did not deal fairly and in good faith with Plaintiff Janet Graves; and

4. The violation by The Insurer, PMIC, of its duty of good faith and fair dealing was the direct cause of the injury sustained by Plaintiff Janet Graves.

You are further instructed that when presented with a claim by its insured, an insurer must conduct an investigation reasonably appropriate under the circumstances. The decisive question is whether the insurer had a good faith belief, at the time its performance was requested, that it had a justifiable reason for withholding payment under the policy. The knowledge and belief of the insurer during the time period the claim was being reviewed is the focus of a bad faith claim.

**Instruction No. 22.2 (Modified)**

## BAD FAITH- DAMAGES

If you find that the Insurer, Pennsylvania Manufacturer's Indemnity Company violated its duty of good faith and fair dealing, you must fix the amount of their insured, Plaintiff Janet Graves' damages. This is the amount of money that will compensate her for any loss she suffered as a result of the Insurer's 1) failure to pay Plaintiff Janet Graves' claim in a timely manner.

In fixing the amount you will award Plaintiff Janet Graves, you may consider the following elements:

1. Financial losses;
2. Embarrassment and loss of reputation; and
3. Mental pain and suffering.

**Instruction No. 22.4**

Instruction No. _____

**YOU ARE INSTRUCTED THAT THE LAW OF OKLAHOMA IS THAT:**

1. A duty to timely and properly investigate an insurance claim is intrinsic to an insurer's contractual duty to timely pay a valid claim.

2. As between the insurer and its insured, UM insurance is primary coverage.

3. The insured is entitled to swift payment and in the absence of a reasonable dispute as to the coverage or the amount of damages, the UM insurer may not withhold payment to its insured on the sole basis that liability insurance has not been exhausted.

4. Uninsured motorist coverage is primary, meaning that an insured motorist carrier is liable for the entire amount of its insured's loss from the first dollar up to the Um policy limits without regard to the presence of any other insurance.

*Burch v. Allstate Insurance Company*, 977 P.2d 1057 (Okla. 1998); *Mustain v. United States FID. GUAR. Co*., 925 P.2d 533 (Okla. 1996);

*Brown v. Patel*, 157 P.3d 117 (Okla. 2007);

*McCorkle v. Great Atlantic Insurance Co.*, 637 P.2d 583;

*Dennis v. Progressive Northern Insurance Company*, CIV-17-182-SLP; (3-23-18)

Instruction No. _____

## YOU ARE ALSO INSTRUCTED THAT:

1. An uninsured motorist carrier is directly and primarily liable to its insured for the entire loss to be indemnified.  It must seek recovery of paid indemnity through an exercise of its right to subrogation.

   *Burch v. Allstate Insurance Company*, 977 P.2d 1057 (Okla. 1998);

2. A UM carrier must promptly investigate, place a value on the damage claim and pay benefits without regard to whether liability benefits have been paid.

   *Burch v. Allstate Insurance Company*, 977 P.2d 1057 (Okla. 1998);

   *Buzzard v. Farmers*, 824 P.2d 1105, 1991 OK 127

3. If the claim exceeds the amount available under the liability policy, an underinsured motorist carrier must take prompt action to determine what payment is due and may not delay the payment of benefits until exhaustion of liability limits.

   *Buzzard v. Farmers*, 824 P.2d 1105, 1991 OK 127

4. The under insurer may not safely await settlement between the liability insurer and the insured.  Instead, the insurer must go about the business of investigating and evaluating the claim.  An insurer is readily equipped to make such a determination and assign a dollar value to the claim.

   *Buzzard v. Farmers*, 824 P.2d 1105, 1991 OK 127

5. If the uninsured carrier does not conduct an investigation, or after investigation determines that the likely worth of the claim exceeds the liability limits,

prompt payment must be offered

*Buzzard v. Farmers*, 824 P.2d 1105, 1991 OK 127

6. An insurer cannot avoid liability for breach of the duty of good faith and fair dealing by delegating its responsibility to an independent contractor such a 3rd party adjusting firm or an attorney.

*Timmons v. Royal Globe*, 713 P.2d 589, 1985 OK 76

7. A UM claim must be paid promptly unless the insurer has a reasonable belief that the claim is legally or factually insufficient.

*Buzzard v. Farmers*, 824 P.2d 1105, 1991 OK 127

Instruction No. _____

## DIRECT CAUSE – DEFINITION

Direct cause means a cause which, in a natural and continuous sequence, produces injury and without which the injury would not have happened.  For negligence to be a direct cause it is necessary that some injury to a person in Plaintiff Janet Graves' situation must have been a reasonably foreseeable result of negligence.

**Instruction No. 9.6**

**DIRECT AND INDIRECT [CIRCUMSTANTIAL] EVIDENCE – DEFINED – USE**

"Direct evidence" is the testimony of a person who asserts actual, personal knowledge of a fact, such as the testimony of an eyewitness.  "Direct evidence" may also be an exhibit such as a photograph which demonstrates the existence of a fact.  It is proof which points immediately to a question at issue and which proves the existence of a fact without inference or presumption.

"Circumstantial evidence" is the proof of facts or circumstances which gives rise to a reasonable inference of other connected facts.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence together with all the other evidence in the case in arriving at your verdict.

**Instruction No. 3.25**

Respectfully submitted,

_____

Howard K. Berry, III, OBA #754
The Berry Law Firm
P.O. Box 892516
Oklahoma City, OK  73189-2516
Phone:  405-524-1040
Fax:  405-524-0108
E-mail:  hkb3@coxinet.net
***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _____ day of _____, 2019, the foregoing document was filed with the Clerk of Court using the courts' CM/ECF system and that, based on the records currently on file, the Clerk of Court will transmit Notice of Electronic Filing o the following ECF registrants:

Daniel E. Gomez

V. Ronald Frangione

s/Howard K. Berry, III
Howard K. Berry, III