## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JANET GRAVES, surviving widow and )
next of kin of NATHAN GRAVES, )
     Plaintiff, )
v.          ) Case No. CIV-19-60-SLP
          )
PENNSYLVANIA MANUFACTURERS' )
INDEMNITY CO. & AMERICAN )
CLAIMS MANAGEMENT, INC., )
          )
     Defendant. )

## FINAL PRETRIAL REPORT

All counsel who will appear at trial:

Appearing for Plaintiff: Howard K. Berry, III

Appearing for Defendant: Daniel E. Gomez

### Jury Trial Demanded √  -  Non-Jury Trial □

1. **BRIEF PRELIMINARY STATEMENT**.   Nathan Graves was killed in January of 2017 while on the job as a law enforcement officer for the Sac & Fox Nation. He was driving down a two-lane highway when a vehicle coming the opposite direction crossed the center line and collided into Graves' vehicle causing Graves' almost immediate death.  The other vehicle was operated by Justin Shea Henley who was across the center line in a no-passing zone.  Henley was prosecuted for manslaughter by the Lincoln County District Attorney and has pleaded guilty to second-degree manslaughter.  In December of 2018, Henley's insurance company paid $100,000.00 in total insurance coverage which was its policy limits.

Shortly after the accident, Mrs. Graves made a claim for uninsured/underinsured motorist coverage under a policy issued by Pennsylvania Manufacturer's Indemnity Company ("PMA") to the Sac and Fox Nation with a limit of One Million Dollars ($1,000,000.00) and which covered the vehicle in which Graves was occupying at the time of the accident.  The claim was processed by American Claims Management, Inc. ("ACM") as third-party administrator.  On January 31, 2019, pursuant to certain payment agreements, PMA issued a check for $1 Million ($1,000,000.00) for UM coverage payable to Mrs. Graves, her attorney, and Tribal First, the intervenor which asserts an interest in UM proceeds based on workers'

compensation death benefits it has paid to Mrs. Graves and other beneficiaries.

Plaintiff alleges that PMA and ACM breached their duties of good faith by failing to promptly investigate, evaluate, and pay the claim. The $1 Million ($1,000,000.00) policy limit has now been paid but Plaintiff seeks non-contractual tort damages occasioned by the fact the Plaintiff had to hire an attorney, had to wait 24 months for resolution of the claim, etc., suffered emotional distress and other consequential damages. Plaintiff also seeks punitive damages.

Intervenor paid workers compensation benefits for the death of Nathan Graves, an employee of the Sac & Fox Nation, to his surviving spouse, Janet Graves, and his son, Jacob Luke Graves, and will continue to be obligated to pay such benefits to the surviving spouse, Janet Graves (but not to Jacob Luke Graves) until her death or until she remarries, at which time Intervenor will no longer be obligated to make monthly payments to Janet Graves, but will be obligated to make a final lump sum payment to her.

PMA and ACM deny Plaintiff's allegations and take no position on Intervenor's allegations.

2. **JURISDICTION**.  The basis on which the jurisdiction of the Court is invoked is 28 U.S. Code § 1332 diversity of citizenship and timely removal from state court pursuant to §§ 1441 & 1446.  There are no objections to jurisdiction.

3. **STIPULATED FACTS**.

   a.   This Court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. This case was timely and properly removed from the District Court in and for Oklahoma County, State of Oklahoma, pursuant to 28 U.S.C. §§ 1441 & 1446, as set forth in the defendants' Notice of Removal (Doc. 1). Although the Notice of Removal alleges that Mrs. Graves is a citizen of Oklahoma, she is in fact now a citizen of Georgia and remains diverse to all plaintiffs and to intervenor.  Jurisdiction in this court is proper.

   b.   On January 24, 2017, Nathan Graves was on duty as a law enforcement officer for the Sac and Fox Nation and was killed in an automobile accident.

   c.   Defendant PMA issued a policy of insurance to the Sac and Fox Nation which contained UM coverage on the vehicle that Nathan Graves was driving at the time of the accident in which he was killed. The UM policy limit was $1,000,000.

   d.   Justin Henley was the at-fault driver involved in this accident and was a

proximate cause of that accident.  Justin Henley had only $100,000.00 liability insurance coverage per accident.

e.   Plaintiff's alleged tort damages flow from the relationships of Janet Graves, Caleb Graves, Johnathon Graves, Jacob Graves, Pamela Graves and Dwayne Graves.  These people are the spouse, children and parents of Nathan Graves.

f.   On May 24, 2018, Mrs. Graves, as surviving widow and next of kin of Nathan Graves, filed a lawsuit in Oklahoma state court against Justin Henley, PMA and ACM.

g.   In December of 2018, Mrs. Graves settled her claim against Justin Henley by accepting payment of $100,000, being the limit under the applicable liability policy. Pursuant to that agreement, Mrs. Graves dismissed Justin Henley with prejudice from the state court lawsuit on December 21, 2018.

h.   PMA fulfilled its contractual UM obligation to Mrs. Graves and the beneficiaries she represents by issuing a check for $1,000,000 pursuant to agreement by and between PMA, ACM, Mrs. Graves, and the beneficiaries. The check was payable to Janet Graves, her attorney, and the intervenor Tribal First. The check was issued by PMA on January 30, 2019, and was received by Mrs. Graves' counsel on February 1, 2019.

i.   Intervenor Hudson Insurance Company (Hudson) issued a Workers Compensation Insurance Policy on behalf of the Sac & Fox Nation and its employee Nathan Graves who was killed while in the scope and course of his employment on January 24, 2017. As a result of the injury and death of Nathan Graves, Hudson has paid death benefits per the Oklahoma Workers Compensation benefit rules to decedent's surviving spouse Janet Graves in the amount of $152,264.56 as of March 2019 which includes funeral expense of $10,00.00, lump sum of $100,000.00 and monthly payments and to son Jacob Luke Graves in the amount of $24,098.85. Jacob Luke Graves is no longer receiving death benefits and there remains a balance of death benefits to be paid to Janet Graves in the amount of $568,458.33. Monthly death benefits payable to Janet Graves are $1,625.56 for 28.9 years with a date of birth of April 21, 1966 and age at date of death of Nathan Graves of 50 years and 9 months.

j.   Intervenor was paid $220,000.00 by Graves to settle its subrogation claim.

4.   **LEGAL ISSUES**.  State separately, and by party, each disputed legal issue and the authority relied upon.

Plaintiff:       There are legal issues raised by Defendants in their Motion For
                 Summary Judgment and Motion To Exclude Expert Testimony.
                 These have been more than sufficiently addressed in Plaintiff's
                 response to Defendants' motions.

Defendants:   (a) Plaintiff has not presented sufficient evidence of unreasonable or
              tortious conduct by Defendants to submit a jury question on bad
              faith. *Beers v. Hillory*, 241 P.3d 285, 291 (Okla. Civ. App. 2010).
              (b) Attorney fees are not recoverable as an element of financial loss.
              *See, inter alia, Barnes v. Okla. Farm Bureau Mut. Ins. Co.*, 11 P.3d
              162, 178-82 (Okla. 2000); *Caughron v. Liberty Mut. Fire Ins. Co.*,
              No. 11-CV-206-GKF-TLW, 2014 WL 11531560, * 13-14 (N.D.
              Okla. Mar. 6, 2014). (c) Plaintiff has not presented sufficient
              evidence of financial loss directly attributable to Defendants'
              handling of her UM claim to submit the question to a jury. *Beers*,
              241 P.3d at 292. (d) Plaintiff has not presented sufficient evidence of
              non-economic loss directly attributable to Defendants' handling of
              her UM claim to submit the question to a jury. *Beers*, 241 P.3d at
              292. (e) Plaintiff has presented no evidence that Defendants'
              processing of the UM claim created a high probability of serious
              harm to Plaintiff and a jury question, therefore, cannot be submitted
              for punitive damages. *Shotts v. GEICO*, No. CIV-16-1266-SLP,
              2018 WL 4832626, *11-12 (W.D. Okla., June 1, 2018).

5. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT.**

A.   <u>Plaintiff</u>:      Janet Graves alleges that she suffered humiliation,
                   embarrassment, mental distress as a result of Defendants'
                   failure to investigate and promptly pay to her the
                   $1 Million owed under the policy.  For that element of
                   damages, Plaintiff seeks <u>$10,000,000.00.</u>

                   Plaintiff seeks attorney's fees that have been occasioned
                   by reason of the Defendants' delay as Plaintiff had to
                   pay an attorney under a contingency fee contract to
                   recover for damages under the contract.

                   Plaintiff seeks punitive damages by reason of Defendants'
                   conduct.

B.   <u>Defendants:</u>  (a) Based on surrounding circumstances, any delay in paying
             the UM limit was not unreasonable. (b) Based on surrounding

circumstances, Defendants' investigation was not unreasonable. (c) Plaintiff and/or her representatives contributed to any such delay during the claims handling process. (d) Neither PMA nor ACM acted in bad faith. (e) Plaintiff has suffered no financial damage as a result of any delay in payment of the UM limit. (f) Attorney fees are not recoverable as financial loss as a matter of law. (g) Plaintiff has not established non-economic damages directly attributable to Defendants' handling of the UM claim. (h) Punitive damages are not available or otherwise should not be awarded. (i) Punitive damages are subject to a statutory cap set forth at Okla. Stat. tit. 23, § 9.1. (j) As a third-party administrator, ACM cannot be held liable for bad faith as a matter of law.

C.   <u>Intervenor</u>:   Has no further contentions as it has been repaid through an agreement with Graves.

6.   <u>EXHIBITS</u>.  The following exclusionary language **<u>MUST</u>** be included:

Unlisted exhibits will not be admitted unless, by order of the court, the final pretrial order is amended to include them.

A.   <u>Plaintiff</u>:

| NO. | TITLE/DESCRIPTION<br>Premarked for trial and exchanged as required under LCvR 39.4(a) | OBJECTION | FEDERAL RULE OF EVIDENCE RELIED UPON |
|---|---|---|---|
| 1. | ACM Notepad | Defendants object to the use of any part of the claims file not specifically listed by Plaintiff as required by the Court's scheduling order. | |
| 1.A | Miscellaneous PMA Documents & Letters | No objection. | |
| 1.B | Post September 5, 2018 PMA Correspondence; Agreement | No objection. | |
| 1. | Claims File and Privileges Logs provided by Defendant and numbered 1 through 436.  To the extent possible, | Defendants object to the use of any part of the claims file not specifically listed by Plaintiff as required by the | |

| | | | |
|---|---|---|---|
| | the specific pages from this file are set forth below but Plaintiff may use additional pages from this claims file. | Court's scheduling order. | |
| 2. | | | |
| 3. | Photos of the vehicles involved:<br>a.) At the scene of the accident and<br>b.) Off the scene of the accident. | This exhibit is not relevant because the facts of the accident are not in dispute and can be subject to stipulation.<br><br>The exhibit, if relevant, is unfairly prejudicial, cumulative, a waste of time, and could confuse or mislead the jury. | Fed. R. Evid. 402:<br>Fed. R. Evid. 403: |
| 4. | Autopsy Report. Particularly the front page (100 of the Oklahoma Highway Patrol Major Case Record) | This exhibit is not relevant because the facts and circumstances surrounding Mr. Graves' death are not in dispute and can be subject to stipulation.<br><br>The exhibit, if relevant, is unfairly prejudicial, cumulative, a waste of time, and could confuse or mislead the jury. | Fed. R. Evid. 402:<br><br>Fed. R. Evid. 403: |
| 5. | 7/6/17 Case Summary (P. 18-22)<br>OHP Report | No objection. | |
| 6. | 6/4/17 Matthew White Statement (P. 34) re: 1-24-17 Interview with Henley (P. 34)<br>OHP Report | No objection. | |
| 7. | OHP Photo of Pay Stub of Henley | This exhibit is not relevant, and if relevant, is unfairly prejudicial, cumulative, a | Fed. R. Evid. 402:<br><br>Fed. R. Evid. 403: |

| | | waste of time, and could confuse or mislead the jury. | |
|---|---|---|---|
| 8. | 1/31/2017 Hunt Interview of 1/25/17 & 1/31/17 (P. 50-52)<br>OHP Report | No objection. | |
| 9. | 1/31/17 Rocky Stephens Interview (P. 61)<br>OHP Report | No objection. | |
| 10. | 1/31/17 Wade Interviews of 1/3/17 (P. 62-63)<br>OHP Report | No objection. | |
| 11. | Oklahoma Highway Patrol Report with addresses and phone numbers that was in the Leikam Claims File as early as 2017. 158-161 | No objection. | |
| 12. | Gomez letter (406-407). May 29, 2018 | No objection. | |
| 13. | Law Summary filed w/Rankin Report | This exhibit is not relevant, and if relevant, is unfairly prejudicial, cumulative, a waste of time, and could confuse or mislead the jury. It also encroaches on the purview of the Court and the jury. Rankins testimony should also be excluded under *Daubert*. | Fed. R. Evid. 402:<br>Fed. R. Evid. 403: |
| 14. | Berry Letter (PMA 408). September 18, 2018 | No objection. | |
| 15. | Berry Letter of April 10, 2018 (PMA 326). | No objection. | |

| 16. | Gomez letter April 4, 2018 (PMA 324-325). | No objection. | |
|-----|-------------------------------------------|---------------|---|
| 17. | Gomez letter of September 5, 2018 (424-425). | No objection. | |
| 18. | Berry letter of March 28, 2018 (PMA 322) and GEICO attachment. | No objection. | |
| 19. | Insurance Policy Excerpts. | This exhibit is not relevant, because insurance coverage is not in dispute and the limits were paid in full. If relevant, this exhibit is unfairly prejudicial, cumulative, a waste of time, and could confuse or mislead the jury. | Fed. R. Evid. 402: <br><br> Fed. R. Evid. 403: |
| 20. | Transcript of Preliminary Hearing (PMA 329-404). | No objection. | |
| 21. | The PMA Promise (PMA 101). | This exhibit is not relevant because there is no dispute concerning insured status or the UM limit of the subject policy. All relevant facts can be stipulated. <br><br> The exhibit, if relevant, is unfairly prejudicial, cumulative, a waste of time, and could mislead or confuse the jury. | Fed. R. Evid. 402: <br><br> Fed. R. Evid. 403: |
| 22. | The Oklahoma Uninsured Motorist endorsement from insurance policy (PMA 145-149). | This exhibit is not relevant because there is no dispute concerning insured status or the UM limit of the subject policy. All relevant facts can be stipulated. | Fed. R. Evid. 402: |
| 23. | Another OHP report (PMA | No objection. | |

| | 177-184). | | |
|---|---|---|---|
| 24. | Large Loss Report of February 20, 2017 (PMA 196-2000) | No objection. | |
| 24.A | Excerpts of February 20, 2017 Large Loss Report | This exhibit is incomplete and appears to have handwritten notes from Plaintiff's counsel which are irrelevant and/or unduly prejudicial. | Fed. R. Evid. 402:<br><br>Fed. R. Evid. 403 |
| 25. | Updates to the Large Loss Report of February 20, 2017 which were created on or about A. July 11, 2017, B. October 9, 2017, C. January of 2018, and D. June of 2018. (Part of PMA Claim File) | These documents are incomplete and as presented are irrelevant and/or unduly prejudicial. | Fed. R. Evid. 402:<br><br>Fed. R. Evid. 403 |
| 26. | ACM Claims Policy (PMA 439-443). | This exhibit is not relevant because it does not set forth any legal standard applicable to Plaintiffs' bad faith claim.<br><br>The exhibit, if relevant, is unfairly prejudicial, cumulative, a waste of time, and would mislead or confuse the jury. | Fed. R. Evid. 402:<br><br>Fed. R. Evid. 403: |
| 27. | PMIC / Old Republic Claims Practices (PMA 444-452). | This exhibit is not relevant because it does not set forth any legal standard applicable to Plaintiffs' bad faith claim.<br><br>The exhibit, if relevant, is unfairly prejudicial, cumulative, a waste of time, and would mislead or confuse the jury. | Fed. R. Evid. 402:<br><br>Fed. R. Evid. 403: |

| 28. | Attorneys Fee Contract. | This exhibit is not relevant because attorney fees are not recoverable as damages. *See* Okla. Uniform Jury Instr. 22.4; *Barnes v. Okla. Farm Bureau Mut. Ins. Co.*, 11 P.3d 162, 178-82 (Okla. 2000).<br><br>The exhibit, if relevant, is unfairly prejudicial, a waste of time, and would mislead and confuse the jury. | Fed. R. Evid. 402:<br><br>Fed. R. Evid. 403: |
| --- | --- | --- | --- |
| 29. | Large package of family photos. | This exhibit is not relevant because the subject UM limit was paid in full and no offer for less than limits was ever made. The value of the claim as it relates to the value of Mr. Graves' life is not relevant.<br><br>The exhibit, if relevant, is unfairly prejudicial, cumulative, a waste of time, and would mislead or confuse the jury. The sole issue is the manner in which Defendants processed the UM claim. The sole purpose of this exhibit would be to unfairly and improperly invoke the sympathy of the jurors. | Fed. R. Evid. 402:<br><br>Fed. R. Evid. 403: |
| 30. | Checks from Insurance Companies. | No objection. | |
| 31. | Nathan Graves' Death Certificate. | This exhibit is not relevant because the facts and circumstances surrounding Mr. Graves' life and death are not in dispute and can be subject to stipulation. | Fed. R. Evid. 402:<br><br>Fed. R. Evid. 403: |

| | | The exhibit, if relevant, is unfairly prejudicial, cumulative, a waste of time, and could mislead and confuse the jury. | |
|---|---|---|---|
| 32. | Marriage License and Certificate of Nathan Graves to Janet Graves. | This exhibit is not relevant because the facts and circumstances surrounding the Graves' marriage are not in dispute and can be subject to stipulation.<br><br>The exhibit, if relevant, is unfairly prejudicial, cumulative, a waste of time, and could mislead and confuse the jury. | Fed. R. Evid. 402:<br><br>Fed. R. Evid. 403: |
| 33. | Birth Certificates of the Graves' children. | This exhibit is not relevant because the facts and circumstances surrounding Mr. Graves' relationship to his children are not in dispute and can be subject to stipulation.<br><br>The exhibit, if relevant, is unfairly prejudicial, cumulative, a waste of time, and could mislead and confuse the jury. | Fed. R. Evid. 402:<br><br>Fed. R. Evid. 403: |
| 34. | Documents that deal with subrogation claim by Plaintiff's employer's insurance company. | Objection to the extent no specific documents are identified. | |
| 35. | Title 36 (particularly § 1250.5 & 1250.7 indicating that an insurance company has a duty to effectuate a prompt, fair and equitable settlement within 120 days | This exhibit is irrelevant, prejudicial, and inadmissible as a matter of law. *See Dennis v. Progressive Northern Ins. Co.*, No. CIV-17-182-SLP, 2018 WL 4871039, *2-3 | Fed. R. Evid. 402 & 403. |

| | | |
|---|---|---|
| | after receiving proof of loss and particularly where liability has become reasonably clear. | (W.D. Okla. Apr. 9, 2018) (citing *Aduddell Lincoln Plaza Hotel v. Certain Underwriters at Lloyd's of London*, 348 P.3d 216, 223 (Okla. Civ. App. 2014). | |
| 36. | Documents relating to finances of Defendants for establishing Punitive Damages.  Annual Statements for 2017 and 2018, filed with the State of Oklahoma. PMA Statement of Actuarial Opinion of December 31, 2017 Independent Auditors Report by KPMG dated 2-28-2018 | This exhibit is irrelevant, prejudicial, and inadmissible as a matter of law unless and until a second phase is authorized for punitive damages. *See Dennis v. Progressive Northern Ins. Co.*, No. CIV-17-182-SLP, 2018 WL 4871039, *13 (W.D. Okla. Apr. 9, 2018). | Fed. R. Evid. 402 & 403. |
| 37. | Notepad – Pages 1-96 with all redacted material and headers to redacted material deleted. | Objection to the extent this designation is overly broad and does not identify any specific part of the claims notepad. | |
| 38. | Calendars – January 2017 through April of 2019 with notations of events. | The exhibit is unfairly prejudicial, cumulative, a waste of time, and would mislead and confuse the jury. It was created by plaintiff's counsel or plaintiff's retained expert and is therefore not objective or helpful. The jury is capable of understanding the timing of relevant events based on testimony during trial. | Fed. R. Evid. 403: |
| 39. | One Page Month by Month Summary of Events. | The exhibit is unfairly prejudicial, cumulative, a waste of time, and would mislead and confuse the jury. | Fed. R. Evid. 403: |

| | | It was created by plaintiff's counsel or plaintiff's retained expert and is therefore not objective or helpful. The jury is capable of understanding the timing of relevant events based on testimony during trial. | |
|---|---|---|---|

B. <u>Defendant</u>:

| NO. | TITLE/DESCRIPTION<br>Premarked for trial and exchanged as required under LCvR 39.4(a) | OBJECTION | FEDERAL RULE OF EVIDENCE RELIED UPON |
|---|---|---|---|
| 1. | Official Oklahoma Traffic Collision Report (PMA 00158-161) | No Objection. | |
| 2. | Official Oklahoma Traffic Collision Report (Revised)(PMA00177-184) | No Objection. | |
| 3. | Letter from ACM to Janet Graves dated 04/18/2017 and related release documents (PMA00185-195) | No Objection. | |
| 4. | Medical Release documents (05/12/2017)(PMA0000201-205) | No Objection. | |
| 5. | ACM Large Loss Report dated 02/20/2017 (PMA00196-200) | No Objection. | |
| 6. | ACM Large Loss Report dated 07/11/2017 (PMA00206-211) | No Objection. | |
| 7. | ACM Large Loss Report dated 10/09/2017 | No Objection. | |

| | | | |
|---|---|---|---|
| | (PMA00212-218) | | |
| 8. | ACM Large Loss Report dated 01/11/2018 (PMA00219-225) | No Objection. | |
| 9. | ACM Large Loss Report dated 06/25/2018 (PMA00276-283) | No Objection. | |
| 10. | Letter from ACM counsel to Hunt's Welding Service dated 09/26/2017 (PMA00297-299) | No Objection. | |
| 11. | Letter from ACM counsel to Garrett Hunt dated 09/26/2017 (PMA00300-301) | No Objection. | |
| 12. | Letter from Mercury Insurance to ACM counsel dated 02/21/2018 (PMA00318) | No Objection. | |
| 13. | Letter from National American Insurance Company to ACM counsel dated 02/27/2018 (PMA00319) | No Objection. | |
| 14. | Letter from Mr. Berry to Mr. Leikam dated 03/19/2018 (PMA00320-321) | No Objection. | |
| 15. | Letter from Mr. Berry to Mr. Gomez dated 03/28/2018 with GEICO enclosure (PMA00322-323) | No Objection. | |
| 16. | Letter from Mr. Gomez to Mr. Berry dated 04/04/2018 | No Objection. | |

| | | | |
|---|---|---|---|
| | (PMA00324-325) | | |
| 17. | Letter from Mr. Berry to Mr. Gomez dated 04/10/2018 (PMA00326) | No Objection. | |
| 18. | Transcript of Preliminary Hearing held 03/09/2018 (PMA00329-405) | No Objection. | |
| 19. | Letter from Mr. Gomez to Mr. Berry dated 05/29/2018 (PMA00406-407) | No Objection. | |
| 20. | Letter from Mr. Berry to Mr. Gomez dated 07/07/2018 (PMA00408) | No Objection. | |
| 21. | Graves v. Henley, et al. lawsuit and service documents (05/24/2018) (PMA00409-415) | No Objection. | |
| 22. | Letter from Mr. Berry to Mr. Gomez dated 07/18/2018 (PMA00416) | No Objection. | |
| 23. | Letter from Mr. Berry to Mr. Gomez dated 08/08/2018 (PMA00417) | No Objection. | |
| 24. | Letter from Mr. Pignato to Mr. Gomez dated 08/08/2018 (PMA00421-423) | No Objection. | |
| 25. | Letter from Mr. Gomez to Mr. Berry dated 09/05/2018 (PMA00424-425) | No Objection. | |
| 26. | Letter from Mr. Gomez to Mr. Pignato dated 09/05/2018 (PMA00426) | No Objection. | |

| 27. | Fax from Mr. Frangione to Mr. Gomez dated 09/10/2018 (PMA00427-437) | Plaintiff objects to this exhibit as it is irrelevant.  This exhibit is dated after September 5, 2018.  Plaintiff contends that Defendants' bad faith was from February 2017 to September 5, 2018.  On September 5, 2018, Mr. Gomez wrote a letter to Mr. Berry offering $1 Million and waiving subrogation.  Plaintiff contends that there should have been an offer of $1 Million in 2017 or much earlier in 2018, but that after September 5, 2018, Defendant did not act in bad faith. | Federal Rule of Evidence 402 |
| 28. | Letter from Mr. Berry to Mr. Gomez dated 09/18/2018 (PMA00438) | Plaintiff objects to this exhibit as it is irrelevant.  This exhibit is dated after September 5, 2018.  Plaintiff contends that Defendants' bad faith was from February 2017 to September 5, 2018.  On September 5, 2018, Mr. Gomez wrote a letter to Mr. Berry offering $1 Million and waiving subrogation.  Plaintiff contends that there should have been an offer of $1 Million in 2017 or much earlier in 2018, but that after September 5, 2018, Defendant did not act in bad faith. | Federal Rule of Evidence 402 |
| 29. | Letter from Mr. Pignato to Mr. Berry dated 10/17/2018 (PMA00453) | Plaintiff objects to this exhibit as it is irrelevant.  This exhibit is dated after September 5, 2018.  Plaintiff contends that Defendants' bad faith was from February 2017 to | Federal Rule of Evidence 402 |

| | | September 5, 2018. On September 5, 2018, Mr. Gomez wrote a letter to Mr. Berry offering $1 Million and waiving subrogation. Plaintiff contends that there should have been an offer of $1 Million in 2017 or much earlier in 2018, but that after September 5, 2018, Defendant did not act in bad faith. | |
|---|---|---|---|
| 30. | Letter from Mr. Gomez to Mr. Berry dated 10/23/2018 (PMA00454-455) | Plaintiff objects to this exhibit as it is irrelevant. This exhibit is dated after September 5, 2018. Plaintiff contends that Defendants' bad faith was from February 2017 to September 5, 2018. On September 5, 2018, Mr. Gomez wrote a letter to Mr. Berry offering $1 Million and waiving subrogation. Plaintiff contends that there should have been an offer of $1 Million in 2017 or much earlier in 2018, but that after September 5, 2018, Defendant did not act in bad faith. | Federal Rule of Evidence 402 |
| 31. | Letter from Mr. Berry to Mr. Gomez and Mr. Pignato dated 10/24/2018 (PMA00456) | Plaintiff objects to this exhibit as it is irrelevant. This exhibit is dated after September 5, 2018. Plaintiff contends that Defendants' bad faith was from February 2017 to September 5, 2018. On September 5, 2018, Mr. Gomez wrote a letter to Mr. Berry offering $1 Million and waiving subrogation. Plaintiff contends that there should have been an offer of $1 | Federal Rule of Evidence 402 |

| | | |
|---|---|---|
| | | Million in 2017 or much earlier in 2018, but that after September 5, 2018, Defendant did not act in bad faith. | |
| 32. | Fax from Mr. Frangione to Mr. Gomez dated 10/29/2018 (PMA00457-462) | Plaintiff objects to this exhibit as it is irrelevant.  This exhibit is dated after September 5, 2018.  Plaintiff contends that Defendants' bad faith was from February 2017 to September 5, 2018.  On September 5, 2018, Mr. Gomez wrote a letter to Mr. Berry offering $1 Million and waiving subrogation.  Plaintiff contends that there should have been an offer of $1 Million in 2017 or much earlier in 2018, but that after September 5, 2018, Defendant did not act in bad faith. | Federal Rule of Evidence 402 |
| 33. | Letter from Mr. Gomez to Mr. Berry dated 10/31/2018 (PMA00463-464) | Plaintiff objects to this exhibit as it is irrelevant.  This exhibit is dated after September 5, 2018.  Plaintiff contends that Defendants' bad faith was from February 2017 to September 5, 2018.  On September 5, 2018, Mr. Gomez wrote a letter to Mr. Berry offering $1 Million and waiving subrogation.  Plaintiff contends that there should have been an offer of $1 Million in 2017 or much earlier in 2018, but that after September 5, 2018, Defendant did not act in bad faith. | Federal Rule of Evidence 402 |
| 34. | Letter from Mr. Berry to Mr. Gomez dated 11/05/2018 | Plaintiff objects to this exhibit as it is irrelevant.  This exhibit | Federal Rule of Evidence 402 |

|  | (PMA00465-466) | is dated after September 5, 2018. Plaintiff contends that Defendants' bad faith was from February 2017 to September 5, 2018. On September 5, 2018, Mr. Gomez wrote a letter to Mr. Berry offering $1 Million and waiving subrogation. Plaintiff contends that there should have been an offer of $1 Million in 2017 or much earlier in 2018, but that after September 5, 2018, Defendant did not act in bad faith. |  |
|---|---|---|---|
| 35. | Letter from Mr. Berry to Mr. Gomez dated 11/06/2018 (PMA00467) | Plaintiff objects to this exhibit as it is irrelevant. This exhibit is dated after September 5, 2018. Plaintiff contends that Defendants' bad faith was from February 2017 to September 5, 2018. On September 5, 2018, Mr. Gomez wrote a letter to Mr. Berry offering $1 Million and waiving subrogation. Plaintiff contends that there should have been an offer of $1 Million in 2017 or much earlier in 2018, but that after September 5, 2018, Defendant did not act in bad faith. | Federal Rule of Evidence 402 |
| 36. | Letter from Mr. Gomez to Mr. Berry dated 12/24/2018 (PMA00469) | Plaintiff objects to this exhibit as it is irrelevant. This exhibit is dated after September 5, 2018. Plaintiff contends that Defendants' bad faith was from February 2017 to September 5, 2018. On September 5, 2018, Mr. Gomez wrote a letter to Mr. | Federal Rule of Evidence 402 |

| | | | |
|---|---|---|---|
| | | Berry offering $1 Million and waiving subrogation.  Plaintiff contends that there should have been an offer of $1 Million in 2017 or much earlier in 2018, but that after September 5, 2018, Defendant did not act in bad faith. | |
| 37. | E-mail from Mr. Berry to Mr. Gomez dated 01/04/2019 (PMA00470) | No objection. | |
| 38. | Letter from Mr. Berry to Mr. Gomez dated 01/07/2019 with enclosure (PMA00471-472) | No objection. | |
| 39. | Letter from Mr. Gomez to Mr. Berry dated 01/09/2019 with enclosure (PMA00473-474) | No objection. | |
| 40. | Payment Agreement dated 01/24/2019 (PMA00475) | No objection. | |
| 41. | ACM Notepad Excerpt (02/02/2017 to 02/07/2017) (PMA00090-96) | No objection. | |
| 42. | ACM Notepad Excerpt (02/10/2017; 02/15/2017) (PMA00088) | No objection. | |
| 43. | ACM Notepad Excerpt (02/24/2017 to 03/09/2017) (PMA00084) | This exhibit is not relevant in part.  The part that is not relevant is the material that has been redacted and the heading of the redacted material.  Plaintiff will assert a motion in limine that the material that is redacted is irrelevant to this case and is | Federal Rule of Evidence 402 |

| | | also prejudicial and in violation of Federal Rule of Evidence 403 as it could confuse or mislead the jury. Plaintiff has been deprived of an opportunity to see this material, identify what it says, cross-examine witnesses about it, and, therefore, the Defendants by their choice to redact this material, should not be allowed to demonstrate THAT something was done or said when the Plaintiff has not been allowed to see WHAT was done or said. | |
|---|---|---|---|
| 44. | ACM Notepad Excerpt (04/13/2017) (PMA00082) | This exhibit is not relevant in part.  The part that is not relevant is the material that has been redacted and the heading of the redacted material.  Plaintiff will assert a motion in limine that the material that is redacted is irrelevant to this case and is also prejudicial and in violation of Federal Rule of Evidence 403 as it could confuse or mislead the jury. Plaintiff has been deprived of an opportunity to see this material, identify what it says, cross-examine witnesses about it, and, therefore, the Defendants by their choice to redact this material, should not be allowed to demonstrate THAT something was done or said when the Plaintiff has not been allowed to see WHAT was done or said. | Federal Rule of Evidence 402 |

| 45. | ACM Notepad Excerpt (04/18/2017) (PMA00080) | This exhibit is not relevant in part.  The part that is not relevant is the material that has been redacted and the heading of the redacted material.  Plaintiff will assert a motion in limine that the material that is redacted is irrelevant to this case and is also prejudicial and in violation of Federal Rule of Evidence 403 as it could confuse or mislead the jury.  Plaintiff has been deprived of an opportunity to see this material, identify what it says, cross-examine witnesses about it, and, therefore, the Defendants by their choice to redact this material, should not be allowed to demonstrate THAT something was done or said when the Plaintiff has not been allowed to see WHAT was done or said. | Federal Rule of Evidence 402 |
| 46. | ACM Notepad Excerpt (05/30/2017) (PMA00078) | This exhibit is not relevant in part.  The part that is not relevant is the material that has been redacted and the heading of the redacted material.  Plaintiff will assert a motion in limine that the material that is redacted is irrelevant to this case and is also prejudicial and in violation of Federal Rule of Evidence 403 as it could confuse or mislead the jury.  Plaintiff has been deprived of an opportunity to see this material, identify what it says, cross-examine witnesses | Federal Rule of Evidence 402 |

| | | | |
|---|---|---|---|
| | | about it, and, therefore, the Defendants by their choice to redact this material, should not be allowed to demonstrate THAT something was done or said when the Plaintiff has not been allowed to see WHAT was done or said. | |
| 47. | ACM Notepad Excerpt (06/07/2017) (PMA00073) | This exhibit is not relevant in part.  The part that is not relevant is the material that has been redacted and the heading of the redacted material.  Plaintiff will assert a motion in limine that the material that is redacted is irrelevant to this case and is also prejudicial and in violation of Federal Rule of Evidence 403 as it could confuse or mislead the jury. Plaintiff has been deprived of an opportunity to see this material, identify what it says, cross-examine witnesses about it, and, therefore, the Defendants by their choice to redact this material, should not be allowed to demonstrate THAT something was done or said when the Plaintiff has not been allowed to see WHAT was done or said. | Federal Rule of Evidence 402 |
| 48. | ACM Notepad Excerpt (06/23/2017) (PMA00071) | Plaintiff objects to redacted material and also as to material that refers to collateral sources under Federal Rule of Evidence 403. These will be the subjects of Plaintiff's motions in limine to be filed later.  To the extent | Federal Rule of Evidence 402, 403 |

| | | that any part of the ACM Notepad is the subject of any other motions in limine brought by the Plaintiff, Plaintiff objects to that material as well. | |
|---|---|---|---|
| 49. | ACM Notepad Excerpt (07/11/2017) (PMA00070) | This exhibit is not relevant in part.  The part that is not relevant is the material that has been redacted and the heading of the redacted material.  Plaintiff will assert a motion in limine that the material that is redacted is irrelevant to this case and is also prejudicial and in violation of Federal Rule of Evidence 403 as it could confuse or mislead the jury.  Plaintiff has been deprived of an opportunity to see this material, identify what it says, cross-examine witnesses about it, and, therefore, the Defendants by their choice to redact this material, should not be allowed to demonstrate THAT something was done or said when the Plaintiff has not been allowed to see WHAT was done or said. | Federal Rule of Evidence 402, 403 |
| 50. | ACM Notepad Excerpt (07/20/2017) (PMA00068) | This exhibit is not relevant in part.  The part that is not relevant is the material that has been redacted and the heading of the redacted material.  Plaintiff will assert a motion in limine that the material that is redacted is irrelevant to this case and is also prejudicial and in | Federal Rule of Evidence 402, 403 |

| | | violation of Federal Rule of Evidence 403 as it could confuse or mislead the jury. Plaintiff has been deprived of an opportunity to see this material, identify what it says, cross-examine witnesses about it, and, therefore, the Defendants by their choice to redact this material, should not be allowed to demonstrate THAT something was done or said when the Plaintiff has not been allowed to see WHAT was done or said. | |
|---|---|---|---|
| 51. | ACM Notepad Excerpt (08/15/2017) (PMA00064) | No objection. | |
| 52. | ACM Notepad Excerpt (09/25/2017) (PMA00058) | This exhibit is not relevant in part.  The part that is not relevant is the material that has been redacted and the heading of the redacted material.  Plaintiff will assert a motion in limine that the material that is redacted is irrelevant to this case and is also prejudicial and in violation of Federal Rule of Evidence 403 as it could confuse or mislead the jury. Plaintiff has been deprived of an opportunity to see this material, identify what it says, cross-examine witnesses about it, and, therefore, the Defendants by their choice to redact this material, should not be allowed to demonstrate THAT something was done or said when the Plaintiff has not been allowed to see WHAT | Federal Rule of Evidence 402, 403 |

| | | was done or said. | |
|---|---|---|---|
| 53. | ACM Notepad Excerpt (09/26/2017) (PMA00057) | This exhibit is not relevant in part.  The part that is not relevant is the material that has been redacted and the heading of the redacted material.  Plaintiff will assert a motion in limine that the material that is redacted is irrelevant to this case and is also prejudicial and in violation of Federal Rule of Evidence 403 as it could confuse or mislead the jury.  Plaintiff has been deprived of an opportunity to see this material, identify what it says, cross-examine witnesses about it, and, therefore, the Defendants by their choice to redact this material, should not be allowed to demonstrate THAT something was done or said when the Plaintiff has not been allowed to see WHAT was done or said. | Federal Rule of Evidence 402, 403 |
| 54. | ACM Notepad Excerpt (10/20/2017) (PMA00055) | This exhibit is not relevant in part.  The part that is not relevant is the material that has been redacted and the heading of the redacted material.  Plaintiff will assert a motion in limine that the material that is redacted is irrelevant to this case and is also prejudicial and in violation of Federal Rule of Evidence 403 as it could confuse or mislead the jury.  Plaintiff has been deprived of an opportunity to see this | Federal Rule of Evidence 402, 403 |

| | | material, identify what it says, cross-examine witnesses about it, and, therefore, the Defendants by their choice to redact this material, should not be allowed to demonstrate THAT something was done or said when the Plaintiff has not been allowed to see WHAT was done or said. | |
|---|---|---|---|
| 55. | ACM Notepad Excerpt (03/15/2018) (PMA00042) | This exhibit is not relevant in part.  The part that is not relevant is the material that has been redacted and the heading of the redacted material.  Plaintiff will assert a motion in limine that the material that is redacted is irrelevant to this case and is also prejudicial and in violation of Federal Rule of Evidence 403 as it could confuse or mislead the jury.  Plaintiff has been deprived of an opportunity to see this material, identify what it says, cross-examine witnesses about it, and, therefore, the Defendants by their choice to redact this material, should not be allowed to demonstrate THAT something was done or said when the Plaintiff has not been allowed to see WHAT was done or said. | Federal Rule of Evidence 402, 403 |
| 56. | ACM Notepad Excerpt (04/19/2018) (PMA00034) | This exhibit is not relevant in part.  The part that is not relevant is the material that has been redacted and the heading of the redacted material.  Plaintiff will assert | Federal Rule of Evidence 402, 403 |

| | | | |
|---|---|---|---|
| | | a motion in limine that the material that is redacted is irrelevant to this case and is also prejudicial and in violation of Federal Rule of Evidence 403 as it could confuse or mislead the jury. Plaintiff has been deprived of an opportunity to see this material, identify what it says, cross-examine witnesses about it, and, therefore, the Defendants by their choice to redact this material, should not be allowed to demonstrate THAT something was done or said when the Plaintiff has not been allowed to see WHAT was done or said. | |
| n/a | All exhibits identified by Plaintiff if not objected to by Defendants. | See previously stated above grounds. | Federal Rule of Evidence 402, 403 |
| n/a | All exhibits identified by Plaintiff and objected to by Defendants if Defendants' objections are overruled. | To the extent previously stated grounds apply. | Federal Rule of Evidence 402, 403 |
| **Exhibits Defendants may use at trial, if necessary:** | | | |
| 57. | E-mails between Mr. Gomez and Mr. Berry from 04/2019 (PMA00476-479) | No objection. | |
| 58. | ACM Notepad (PMA00001-96) (if not otherwise identified and if needed for rebuttal or other purposes) | Plaintiff objects to redacted material and also as to material that refers to collateral sources under Federal Rule of Evidence 403. These will be the subjects of Plaintiff's motions in limine to be filed later.  To the extent that any part of the ACM Notepad is the subject of any other motions in limine | Federal Rule of Evidence 402, 403 |

| | | brought by the Plaintiff, Plaintiff objects to that material as well. | |
|---|---|---|---|
| 59. | Defendants' Revised Privilege Log dated October 23, 2018 | | |
| n/a | Rebuttal exhibits, if necessary | Plaintiffs reserve the right to object when this is narrowed down and exhibits identified. | |

7.      <u>WITNESSES</u>:  The following exclusionary language **MUST** be included:

Unlisted witnesses in chief will not be permitted to testify unless, by order of the court, the final pretrial order is amended to include them.

A.      <u>Plaintiff</u>:

| | Name | Address | Proposed Testimony |
|---|---|---|---|
| 1. | Trooper James Lowe OHP | Oklahoma Highway Patrol Troop A 2480 W. I-240 Frontage Rd. Oklahoma City, OK 73159 405-425-2323 | OHP investigation of the facts of the accident and information they obtained as part of their investigation, their conclusions that they have come to based on facts and their opinions about how this accident happened. Testimony about contact with lawyers or investigator.  Willingness to cooperate and share information obtained, specifically with regard to Henley and his employment and his scheduled that morning.  Specifically, about Tank Farms, Mr./Mrs. Wade, owners of Tank Farms and Henley. That PMIC or AMC did not |

|   | | | ask him for info in his file about Henley's employment, etc. |
|---|---|---|---|
| 2. | Tony Gann | 357001 E. 760 Road Cushing, OK  74023 918-312-1502 | Will testify that Henley was passing in a no passing zone at the time of the accident.  Gann was eye-witness.  Will testify about contact with lawyer or investigator. |
| 3. | Garrett Hunt | 1306 W. Dunkin Road Cushing, OK  74023 806-930-7383 | Will testify as per his deposition about how the accident happened and contact with investigators or lawyers after the accident.  Will testify he did not know Henley and Henley was not working for Hunt Welding. |
| 4. | Bobby Hunt | Cushing, OK 74023 | Will testify as per his deposition.  His contact with investigators or lawyers after the accident. Will testify Henley was not working for Hunt Welding. |
| 5. | Cyril Landreaux | 319 N. Kings Hwy Cushing, OK  74023 918-306-9884 | Will testify that Henley passed him just a few minutes before this accident happened in a different no passing zone and that Henley had passed him on other days and other occasions in no passing zones as well. |
| 6. | Rocky Stevens | Tank Farms 3923 N. Little Cushing, OK  74023 918-306-0493 | Stevens was to meet Henley at Hwy 99 & Hwy 51 at approximately 6:00 a.m. He will also testify as to |

| | | | |
|---|---|---|---|
| | | | what Henley told Stevens after the accident.  Will testify about contact with lawyers or investigators after the accident.  Will testify that Henley was employed by Tank Farms but not on the job at the time of the accident. |
| 7. | Terry Leikam ACM Claims | c/o Daniel Gomez       Conner & Winters       4000 Williams Center       Tulsa, Oklahoma       74172-0148 | Will testify as per his deposition and with regard to how he handled the claim for American Claims Management. |
| 8. | Bryan Wade Tank Farms | 3923 N. Little Cushing, OK  74023 918-306-0493 | Will testify that they own Tank Farms, Henley was not on the job at the time of the accident.  Will testify about contact with investigators or lawyers. |
| 9. | Dave Matthiessen | c/o Daniel Gomez       Conner & Winters       4000 Williams Center       Tulsa, Oklahoma       74172-0148 | Will testify as per his deposition that he is Vice President of claims; he was authorized to settle the case, that he did not authorize settlement of the case until after the lawsuit had been filed. |
| 10. | Andy Selfridge | Sac & Fox Headquarters 356159 E. 926 Road Stroud, OK  74079 918-290-0552 | Will testify about Nathan Graves.  His aptitudes, demeanor and love of his family. |
| 11. | Brandi Crisp | Sac & Fox Headquarters 356159 E. 926 Road Stroud, OK  74079 918-968-2031 x2036 | Will testify about Nathan Graves.  His aptitudes, demeanor and love of his family. |
| 12. | Janet Graves | c/o Howard Berry III | Will testify about how she |

| | | Berry Law Firm P.O. Box 892516 OKC, OK 73106 405-524-1040 | has been damaged by reason of Nathan's death and also will testify as to contact she had with American Claims Management via Pennsylvania Manufacturer's Indemnity Company and Terry Leikam.  Will testify that she did not want to hire a lawyer but did because of delay in settlement. Wife of Nathan Graves. Testimony re: Damages from Delay. |
|---|---|---|---|
| 13. | Pamela & Dwayne Graves | c/o Howard Berry III Berry Law Firm P.O. Box 892516 OKC, OK 73106 405-524-1040 | Will testify about their relationship with Nathan Graves in the past and how they had been damaged by reason of his death. Parents of Nathan Graves. Will testify about delay. |
| 14. | Laura Graves | c/o Howard Berry III Berry Law Firm P.O. Box 892516 OKC, OK 73106 405-524-1040 | Will testify about her relationship with Nathan Graves in the past and how she had been damaged by reason of his death. Sister of Nathan Graves |
| 15. | Robert Keene | c/o Howard Berry III Berry Law Firm    P.O. Box 892516 OKC, OK 73106 405-524-1040 405-496-6332 | Will testify that they are the brother and sister-in-law of Janet Graves and that he assisted her in presenting the uninsured motorist claim to the Defendants. |
| 16. | Deborah Rankin Plaintiff's Expert | 1300 N.E. 70th St. Oklahoma City, OK  73111 | Will testify about her experience and knowledge of how UM claims should be handled and that this |

| | | | claim was handled very inappropriately, in bad faith.  She is an insurance claims agent. |
|---|---|---|---|
| 17. | V. Ron Frangione, Esq. Workers Compensation | 13909 Technology Drive, A2 Oklahoma City, OK  73134 | Will testify that Tribal First had a lien on the settlement and that he, as attorney, worked with Berry after the offer of $1 Million was made.  He settled it with the Graves' Family. |
| | **Plaintiff May Call:** | | |
| 1. | Trooper Charles Miller, OHP | Oklahoma Highway Patrol Troop A 2480 W. I-240 Frontage Rd. Oklahoma City, OK 73159 405-425-2285 | Their investigation of the facts of the accident, their conclusions that they have come to based on facts and their opinions about how this accident happened. Testimony about contact with lawyers or investigator. |
| 2. | Jeanna Wade Tank Farms | 3923 N. Little Cushing, OK  74023 918-306-0493 | Will testify that they own Tank Farms, Henley was not on the job at the time of the accident.  Will testify about contact with investigators or lawyers. |
| 3. | Trooper Matthew White, OHP | #742 Oklahoma Highway Patrol Troop YB Stroud, OK  74079 405-425-2285 | Their investigation of the facts of the accident, their conclusions that they have come to based on facts and their opinions about how this accident happened. Testimony about contact with lawyers or investigator.  Interview with Henley. |
| 4. | Bobby Raines | Oklahoma Highway Patrol, | Will testify re: his contact |

| | OHP | Troop A<br>2480 W. I-240 Frontage Rd.<br>Oklahoma City, OK 73159 | with Wades and Rocky Stevens |
|---|---|---|---|
| 5. | Jonathon Graves | c/o Howard Berry III<br>    Berry Law Firm<br>    P.O. Box 892516<br>    OKC, OK 73106<br>    405-524-1040 | Will testify about his relationship with Nathan Graves in the past and how he had been damaged by reason of his death.<br>Son of Nathan Graves.<br>Will testify about delay. |
| 6. | Jacob Graves | c/o Howard Berry III<br>    Berry Law Firm<br>    P.O. Box 892516<br>    OKC, OK 73106<br>    405-524-1040 | Will testify about his relationship with Nathan Graves in the past and how he had been damaged by reason of his death.<br>Son of Nathan Graves.<br>Will testify about delay. |
| 7. | Caleb Graves | c/o Howard Berry III<br>    Berry Law Firm<br>    P.O. Box 892516<br>    OKC, OK 73106<br>    405-524-1040 | Will testify about his relationship with Nathan Graves in the past and how he had been damaged by reason of his death.<br>Son of Nathan Graves.<br>Will testify about delay. |
| 8. | Jasmine Jones | 972-855-6120<br>GEICO Claims<br>P.O. Box 509105<br>San Diego, CA  92150 | Will testify about her knowledge of how the claim was handled by GEICO and her knowledge of how the claim was handled by American Claims Management and Pennsylvania Manufacturers.<br>Will testify about Henley's coverage. |
| 9. | Joyce Dees<br>Police Survivors' | What Police Survivors go through<br>570-7940 | |

|  |  |  |  |
|---|---|---|---|

B. <u>Defendant</u>:

| <u>No.</u> | <u>Name</u> | <u>Address</u> | <u>Proposed Testimony</u> |
|---|---|---|---|
| 1. | Terry Leikam | American Claims Management, Inc. c/o Daniel Gomez CONNER & WINTERS, LLP 4000 One Williams Center Tulsa, OK 74172 (918) 586-8984 | Deposed. |
| 2. | Dave Matthiessen | Old Republic Specialty Insurance Underwriters c/o Daniel Gomez CONNER & WINTERS, LLP 4000 One Williams Center Tulsa, OK 74172 (918) 586-8984 | Deposed. |
| 3. | Janet Graves | c/o Howard Berry III BERRY LAW FIRM P.O. Box 892516 Oklahoma City, OK 73189 (405) 524-1040 | Deposed. |
| **Defendants may call:** | | | |
| 4. | Arthur T. Bates, SCLA | 1325 Smiling Hill Boulevard Edmond, OK 73103 | Mr. Bates is expected to rebut, if necessary, the testimony of plaintiff's proposed expert Deborah Rankin, and to otherwise testify as an expert on insurance claim handling. His report has been provided. |
| 5. | Rebuttal witnesses, if necessary. | | Rebuttal testimony, only if necessary. |

NOTE:   Parties are working on stipulations that will likely eliminate the need for some of the witnesses.

8.      **ESTIMATED TRIAL TIME:**

      A.     Plaintiff's Case:    <u>1 ½ - 2 days</u>

      B.     Defendant's Case:  <u>1 day      </u>

9.      **BIFURCATION REQUESTED:**      Yes ___X___      No _____
     (punitive damages, if supported)

10.     **POSSIBILITY OF SETTLEMENT:**

    Good _____      Fair _____      Poor ___X_____


    All parties approve this report and understand and agree that this report supersedes all pleadings, shall govern the conduct of the trial, and shall not be amended except by order of the Court.

               Respectfully submitted:


               <u>s/Howard K. Berry, III,_____</u>
               Howard K. Berry, III, Counsel for Plaintiff


               <u>s/Daniel E. Gomez_____</u>
               Daniel E. Gomez, Counsel for Defendants