# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JANET GRAVES, surviving widow and )
next of kin of NATHAN GRAVES, )
           )
         Plaintiff, )
           )
v. )       Case No. CIV-19-60-SLP
           )
PENNSYLVANIA MANUFACTURERS' )
INDEMNITY CO., and AMERICAN )
CLAIMS MANAGEMENT, INC., )
           )
         Defendants. )

## <u>COURT'S INSTRUCTIONS TO THE JURY</u>

**INSTRUCTION NO. 1.**

**<u>OPENING</u>**

Members of the jury, you have heard the evidence in this case.  It is now my duty to instruct you as to the law that you must follow and apply in arriving at your verdict.

As jurors in this case, you are the sole judges of the facts.  You must decide the true facts from the evidence you have heard.  In considering the evidence in this case, you will use the court's instructions and your own sound judgment.  You are to determine the facts in this case, and you must then apply the law contained in these instructions to those facts to reach your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every case – for example, instructions about burden of proof and determining the believability of witnesses.  Then I will give you specific rules of law that apply to the claims in this particular case.  Finally, I will explain the procedures that you should follow in your deliberations, and the possible verdicts you may return.

# INSTRUCTION NO. 2.

## STATEMENT OF THE CASE

The parties to this case are the Plaintiff, Janet Graves, surviving widow and next of

kin of Nathan Graves, and the Defendants, Pennsylvania Manufacturers' Indemnity Company

and American Claims Management, Inc. The parties admit:

1. On January 24, 2017, Nathan Graves was on duty as a law enforcement officer for the Sac and Fox Nation and was killed in an automobile accident.

2. Defendant Pennsylvania Manufacturers' Indemnity Company issued a policy of insurance to the Sac and Fox Nation which contained uninsured/underinsured motorist coverage on the vehicle that Nathan Graves was driving at the time of the accident in which he was killed. Uninsured/underinsured motorist coverage is commonly referred to as "UM" coverage. The UM policy limit was $1 million. The claim was processed by American Claims Management, Inc.

3. Justin Henley was an at-fault driver involved in this accident and was a proximate cause of that accident. Justin Henley had $100,000.00 liability insurance coverage per accident with GEICO.

4. Officer Graves was survived by his wife, the plaintiff Janet Graves, three sons Caleb Graves, Johnathon Graves, and Jacob Graves, and his mother and father, Pamela Graves and Dwayne Graves.

5. On May 24, 2018, Mrs. Graves, as surviving widow and next of kin of Nathan Graves, filed this lawsuit against Justin Henley, Pennsylvania Manufacturers' Indemnity Company, and American Claims Management, Inc.

6. In December of 2018, Mrs. Graves settled her claim against Justin Henley by accepting payment of $100,000.00, being the limit under the applicable liability policy with GEICO. Pursuant to that agreement, Mrs. Graves dismissed Justin Henley from this lawsuit with prejudice on December 21, 2018.

7. On January 30, 2019, Pennsylvania Manufacturers Indemnity Company paid to Mrs. Graves the $1 million UM policy limit pursuant to agreement by and between Pennsylvania Manufacturers' Indemnity Company, American Claims

Management, Inc., Mrs. Graves, and the other beneficiaries. This satisfied the Defendants' contractual obligations under the UM policy.

Mrs. Graves claims that Pennsylvania Manufacturers' Insurance Company and American Claims Management, Inc., acted in bad faith under Oklahoma law by unreasonably delaying the $1 million UM limits payment and by performing an inadequate investigation of the UM claim. She further claims that she suffered embarrassment and loss of reputation, and mental pain and suffering.  Mrs. Graves further alleges that Pennsylvania Manufactures' Indemnity Company and American Claims Management, Inc. acted in reckless disregard of her rights.

Pennsylvania Manufacturers' Indemnity Company and American Claims Management, Inc., deny that they acted unreasonably or in bad faith and therefore are not liable for bad faith damages under Oklahoma law.  They further deny that they acted with any reckless disregard for Mrs. Graves' rights.

These are the issues you are to determine.

## INSTRUCTION NO. 3.

### **FAIR AND IMPARTIAL CONSIDERATION**

You are instructed that all parties to a lawsuit are entitled to the same fair and impartial consideration, whether they are corporations or individuals.

## INSTRUCTION NO. 4.

## <u>EQUAL TREATMENT OF PARTIES</u>

Remember that under our justice system the race, religion, national origin, or social status of a party or a party's attorney must not be considered by you in the discharge of your sworn duty as a juror.

**INSTRUCTION NO. 5.**

## ACT OF OFFICER, EMPLOYEE AND AGENT AS ACT OF CORPORATION

Defendants are corporations and can act only through their respective officers and employees.  Any act or omission of an officer or employee of the respective Defendants, while acting within the scope of the officer or employee's employment, is the act or omission of that Defendant.

## INSTRUCTION NO. 6.

## <u>EVIDENCE</u>

The evidence in this case consists of the sworn testimony of the witnesses, all exhibits which have been received in evidence, and all facts which have been agreed or stipulated to by the parties.

You are to consider only the evidence in this case. Statements and arguments of counsel are not evidence in this case. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not admissible.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, I am not, unless expressly stated, indicating any opinion as to the weight or effect of such evidence.

When I have sustained an objection to a question addressed to a witness, you are to disregard the question entirely, and may draw no inference from the wording of it or speculate as to what the witness would have said if permitted to answer.

As stated before, you are the sole judges of the facts and that includes the credibility of all witnesses and the weight and effect of all evidence.

**INSTRUCTION NO. 7.**

**<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>**

There are generally two types of evidence presented during a trial – direct and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eye witness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence or non-existence of some other fact.

The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  You should give all evidence the weight and value you believe it is entitled to receive.

## INSTRUCTION NO. 8.

## __DEPOSITION EVIDENCE__

During the trial certain testimony has been shown to you by way of deposition.  You are instructed that you are not to discount this testimony for the sole reason that it comes to you in the form of a deposition.  Such testimony is entitled to the same consideration, and the same judgment on your part with reference to its weight and credibility, as is the testimony of witnesses who have taken the stand here in the courtroom.

# INSTRUCTION NO. 9.

## <u>CREDIBILITY OF WITNESSES</u>

You are the sole judges of the credibility or believability of each witness and the weight or value to be given to the witness's testimony.  In weighing the testimony of a witness, you should consider the witness's relationship to the plaintiff or the defendant; the witness's interest, if any, in the outcome of the case; the witness's manner of testifying; the witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.  The test is not which side brings the greater number of witnesses or presents the greater quantity of evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

## INSTRUCTION NO. 10.

## <u>IMPEACHMENT</u>

A witness may be discredited or impeached by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that on some former occasion, the witness has said or done something inconsistent with the witness's testimony at trial.

If you believe that a witness has been discredited or impeached, it is your exclusive province to give the testimony of that witness only such credibility, if any, as you may think it deserves.

## INSTRUCTION NO. 11.

## **EXPERT WITNESSES**

During the trial you heard the testimony of one or more expert witnesses.  In some cases, such as this one, scientific or other specialized knowledge may assist the jury in understanding the evidence or determining a fact in issue.  A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You may consider such testimony and give it such weight as you think it should have, but the value to be given to the testimony is for you to determine.  You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise.  The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

## INSTRUCTION NO. 12.

## <u>NOTE TAKING BY JURORS</u>

You have been permitted to take notes during the testimony of this case.  If you have done so, you may refer to your notes during deliberations and discuss the contents of them with other jurors.  In your deliberations, give no more or no less weight to the views of a fellow juror just because that juror did or did not take notes.  Your notes are not official transcripts, but are simply aids to your memory.  It is the testimony from the witnesses and the exhibits admitted into evidence that must be the basis of your determination of the facts and, ultimately, your verdict in the case.

**INSTRUCTION NO. 13.**

**<u>COMMUNICATION WITH THE COURT</u>**

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the bailiff, who will bring it to my attention.  I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial, was meant to suggest to you what I think your decision should be.  That is your exclusive responsibility.

## INSTRUCTION NO. 14.

## BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

Plaintiff has the burden to prove each essential element of her claim, as set out in these instructions, by a preponderance of the evidence.  Unless Plaintiff proves these essential elements by a preponderance of the evidence, your verdict must be for Defendants.

A "preponderance of the evidence" as the term is used in these instructions means that you must be persuaded, considering all the evidence in the case, that the proposition on which Plaintiff has the burden of proof is more probably true than not true.

A preponderance of the evidence does not necessarily mean the greater number of witnesses testifying to a fact or set of facts, but means that evidence which to your minds is most convincing and seems most probably true.

In determining whether any fact in issue has been proven by the preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence regardless of who may have produced them.

## INSTRUCTION NO. 15.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING – ELEMENTS

Under Oklahoma law, an insurance company has a duty to deal fairly and act in good faith with its insured.  Plaintiff, Mrs. Graves, claims that Defendants, Pennsylvania Manufacturers' Insurance Company and American Claims Management, Inc., violated their duty of good faith and fair dealing by unreasonably and in bad faith delaying payment of her claim under the UM policy that is the subject of this action.

In order for Plaintiff to recover damages against Defendants on her claim, she must prove each of the following elements by a preponderance of the evidence:

FIRST:  That Defendants were lawfully required under the insurance policy to pay Mrs. Graves' UM claim;

SECOND:  That Defendants' delay in paying her claim was unreasonable under the circumstances because Defendants did not perform an adequate and/or timely investigation and evaluation of the claim;

THIRD:  That Defendants did not deal fairly and in good faith with Plaintiff; and

FOURTH:  That the violation by Defendants of their duty of good faith and fair dealing was the direct cause of the injury sustained by Plaintiff.

You are further instructed that when presented with a claim by its insured, an insurer must conduct an investigation reasonably appropriate under the circumstances.  The decisive question is whether the insurer had a good faith belief, at the time its performance was requested, that it had a justifiable reason for delaying payment under the policy.  The

knowledge and belief of the insurer during the time period the claim was being reviewed is the focus of a bad faith claim.

## INSTRUCTION NO. 16.

## <u>BAD FAITH – DAMAGES</u>

If you find that Plaintiff has proven her bad faith claim, then you must determine the amount of Plaintiff's damages.  This is the amount of money that will compensate Plaintiff for any loss she suffered as a result of Defendants' breach of its duty to deal fairly with its insured and act in good faith.  In fixing the amount of damages you will award Plaintiff if she proves her claim, you may consider the following types of damages:

1)      embarrassment and loss of reputation; and

2)      mental pain and suffering.

**INSTRUCTION NO. 17.**

**<u>NO SPECULATION</u>**

Your decision must be based upon probabilities, not possibilities.  It may not be based upon speculation or guesswork.

## INSTRUCTION NO. 18.

### EXEMPLARY OR PUNITIVE DAMAGES – FIRST STAGE

If you find in favor of Plaintiff on her bad faith claim and grant her actual damages, then you must also find, by a separate verdict (on the verdict form which will be provided to you with these instructions), whether Defendants recklessly disregarded their duty to deal fairly and act in good faith with Plaintiff.

Plaintiff has the burden of proving this by clear and convincing evidence.  By clear and convincing evidence I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.

Defendants recklessly disregarded their duty to deal fairly and act in good faith with its insured if Defendants were either aware, or did not care, that there was a substantial and unnecessary risk that its conduct would cause serious injury to Plaintiff.  In order for Defendants to have recklessly disregarded their duty to deal fairly and act in good faith with their insured, their conduct must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to Plaintiff.

If you find that Defendants recklessly disregarded their duty to deal fairly and act in good faith with Plaintiff, you should so indicate in the appropriate place on the verdict form,

and you may award punitive damages against Defendants in a later part of this trial.  If you find that Defendants did not recklessly disregard their duty to deal fairly and act in good faith with its insured, you may not award punitive damages against Defendants.

## INSTRUCTION NO. 19.

### <u>EFFECT OF INSTRUCTIONS AS TO DAMAGES</u>

The fact that I have instructed you as to the proper measure of various types of damages should not be considered as an indication of any view of mine as to what the verdict should be in this case.  Instructions as to the measure of damages are given only for your guidance in accordance with all these instructions.

**INSTRUCTION NO. 20.**

**<u>CLOSING</u>**

Counsel will now be allowed to make closing arguments.  You are reminded that what the lawyers say is not evidence, but is intended to assist you in recalling the evidence and to suggest inferences you may wish to draw, but you are not bound by what the lawyers say in closing argument.  It is your recollections of the evidence and the inferences you choose to draw that control.  Counsel may make reference to the instructions I have given you about the law you are to apply when deciding this case.  In that regard, if there is any inconsistency between what counsel may say about the instructions and the actual instructions I have given to you, you must apply the instructions as I have stated them.

Because the plaintiff has the burden of proof, the plaintiff will go first, then the defendants will make a closing argument, and then the plaintiff will complete the arguments by presenting a rebuttal argument.

## INSTRUCTION NO. 21.

## DUTY TO DELIBERATE – VERDICT FORM

In a moment the bailiff will escort you to the jury room to begin your deliberations. The bailiff will provide each of you with a copy of the instructions that I have just read.  Any exhibits admitted into evidence will also be placed in the jury room for your review.

If any of you have cell-phones or similar devices with you, you are instructed to be sure they are turned off and then to turn them over to the bailiff as you enter the jury deliberation room.  They will be held by the bailiff for you and returned to you after your deliberations are completed and during any lunch break or similar period when you are not deliberating.  The purpose of this requirement is to avoid any interruption or distraction during your deliberations and to avoid any question of outside contact with the jury during your deliberations.

You will note from the oath about to be taken by the bailiff, that during the course of your deliberations, the bailiff, as well as other persons, is forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.  The second thing you should do is review the instructions.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.

25

Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

You should not let sympathy, sentiment or prejudice enter into your deliberations, but you should discharge your duties as jurors in an impartial and conscientious manner under your oaths and return such verdict as the evidence warrants under these instructions.

To reach a verdict, all of you must agree.  Your verdict must be unanimous.  You must consult with one another and deliberate in an effort to reach an agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  You must not use any method of chance in arriving at your verdict.

During your deliberations, do not be afraid to change your opinion if the discussion persuades you that you should.  But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

A verdict form will be sent to the jury room with you.  I suggest you study the verdict form early in your deliberations so you know what you must decide.

The foreperson will write the unanimous answers of the jury in the spaces provided on the verdict form.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message, sign it, and give it to the bailiff.  I will either reply in writing or bring you

back into the courtroom to respond to your message.  Under no circumstances should you reveal to me the numerical division of the jury.  In other words, do not reveal to me how many of you are voting in a particular way.

The bailiff will come forward and be sworn.

Members of the jury, please follow the bailiff to the deliberation room where you will commence your deliberations.  All persons in the courtroom please stand until the jury has retired.

DATED this 7th day of November, 2019.

_____

**SCOTT L. PALK**
**UNITED STATES DISTRICT JUDGE**